GEORGE RIKOS, Esq. (SBN 204864)
**THE LAW OFFICES OF GEORGE RIKOS**
1307 Stratford Court
Del Mar, Ca 92014
Telephone: (858) 342-9161
Facsimile: (858) 724-1453
Email: George@georgerikoslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| Renata Bonar, On Behalf of Herself, All Others Similarly Situated and the General Public, | No.: **'11CV2058 W    NLS** |
| | CLASS ACTION |
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| v. | 1. VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750, *ET SEQ.*; |
| BEAM GLOBAL SPIRITS & WINE, INC, and DOES 1-25, Inclusive, | 2. VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §17200, *ET SEQ.*; and |
| Defendants. | 3. BREACH OF EXPRESS WARRANTY |
| | DEMAND FOR JURY TRIAL |

Plaintiff Renata Bonar ("plaintiff"), by and through her attorneys, brings this action on behalf of herself, all others similarly situated and the general public against defendant Beam Global Spirits & Wine, Inc. ("Beam"). Plaintiff alleges, on information and belief, except for information based on personal knowledge, as follows:

## NATURE OF THE ACTION

1. Beam markets, distributes and sells numerous premium spirit brands, including "Skinnygirl." Through its advertising and labeling, Beam claims that "Skinnygirl" Margarita is:

- **All Natural;**
- **Uses all natural ingredients; and**
- **Contains No Preservatives.**

Beam claims in its advertising and labeling that "Skinnygirl" spirits are all natural, use all natural ingredients and contain no preservatives. The terms "All Natural" appear boldly on each bottle of "Skinnygirl" Margarita. The labeling also states that it is only slightly sweetened with agave. Furthermore, the labeling states that it is the Margarita you can trust. Nowhere on the label does Beam indicate that the spirits contain preservatives, including but not limited to sodium benzoate. In fact, Beam's "Skinnygirl" Spirits contains preservatives, including sodium benzoate. Beam's representations are false, misleading and reasonably likely to deceive the public.

2. Through this advertising, Beam has conveyed one message: "Skinnygirl" spirits are all natural, use only natural ingredients and contain no preservatives. The advertisements and labeling containing the uniform false and deceptive statements.

3. Beam's advertising and marketing campaign is designed to cause consumers to buy "Skinnygirl" brand spirits as a result of this deceptive message, and Beam has succeeded. The purported "Skinnygirl" brand spirit is anything but All Natural and in fact nothing more than regular spirits. This is evidenced by Whole Foods recent decision to pull the brand from its shelves for not being all natural as advertised.

4. Plaintiff brings this action on behalf of herself and other similarly situated consumers in the United States to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased "Skinnygirl" brand spirits. Plaintiff alleges violations of the California Consumers Legal Remedies Act, California's Unfair Competition Law, and breach of the express warranty created by its advertising, including its labeling.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of plaintiffs are citizens of states different from Beam. Further, greater than two-thirds of the Class members reside in states other than the state in which Beam is a citizen.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

(b) does substantial business in this district; and

(c) is subject to personal jurisdiction in this district.

## PARTIES

7. At all times relevant to this matter, plaintiff resided and continues to reside in San Diego County California. During the Class period, and in this District, plaintiff was exposed to and relied on Beam's claims by reading the "Skinnygirl" label, purchased "Skinnygirl" brand spirits in reliance on these claims, and suffered injury in fact and lost money as a result of the unfair competition described herein.

8. Defendant Beam is the world's fourth largest and United States' largest premium spirits company, headquartered in Deerfield, Illinois with over $2.7 billion dollars in

revenue. Beam markets, distributes and sells a variety of premium spirits selling over 33 million cases of spirits which, according to their website have "been trusted for generations."

9. The true names and capacities of the defendants named herein under California Code of Civil Procedure §474 as Does 1 through 25 are presently unknown to plaintiff, who therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these defendants when they have been determined. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein. The Doe defendants are private individuals, associations, partnerships, corporations or institutes who participated in the wrongful conduct alleged herein in ways which are unknown to plaintiff at this time.

## **FACTUAL ALLEGATIONS**

10. In or about March of 2011, Beam purchased the "Skinnygirl" Ready to Drink (RTD) brand of spirits. The "Skinnygirl" brand was created in 2009 by renowned natural foods chef, reality television star and entrepreneur, Bethenny Frankel. Beam, obviously banking on the marketing and all natural image of Bethenny Frankel, continued marketing and advertising the brand as all natural and the brand you can trust. This is evidenced by the quote on the bottle from Ms. Frankel identifying the Margarita as the one you can trust. According to Beam, the "Skinnygirl" brand is all natural. By purchasing "Skinnygirl" brand spirits from the famed natural foods chef and labeling and marketing the brand as all natural and containing no preservatives, plaintiff and consumers alike, were led to believe that the already widely known health conscious "Skinnygirl" brand was indeed all natural and free of any preservatives. Beam's representations are false, misleading and reasonably likely to deceive the public.

11. On its packaging and labeling Beam states that "Skinnygirl" is all natural and contains no preservatives. Nowhere does Beam indicate or state that the product contains preservatives.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this lawsuit on behalf of herself and the proposed Class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

> All persons who purchased Beam's "Skinnygirl" brand of spirits until the date notice is disseminated. Excluded from the Class are defendant's officers, directors and employees and those who purchased "Skinnygirl" spirits for the purpose of resale.

13. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are the defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or entities controlled by the defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

14. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to plaintiff. The true number of Class members is known by the defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

15. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

   (a) whether Beam had adequate substantiation for its claims prior to making them;

(b)   whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(c)   whether Beam's alleged conduct violates public policy;

(d)   whether the alleged conduct constitutes violations of the laws asserted herein;

(e)   whether Beam engaged in false or misleading advertising;

(f)   whether plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(g)   whether plaintiff and Class members are entitled to an award of disgorgement of Beam's profits;

(h)   whether plaintiff and Class members are entitled to an award of punitive damages; and

(i)   whether plaintiff and Class members are entitled to declaratory and injunctive relief.

16.   ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class in that the defendant was unjustly enriched as a result of plaintiff's and the Class' respective purchases of Beam's "Skinnygirl" spirits.

17.   ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

18.   ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the

1 danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

19. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

20. Unless stated otherwise, the claims asserted herein are applicable to all persons who purchased Beam's "Skinnygirl" brand of spirits.

21. Adequate notice can be given to Class members directly using information maintained in defendant's records or through notice by publication.

22. Damages may be calculated, in part, from the sales information maintained in defendant's records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to plaintiff and the other members of the Class is not a barrier to class certification.

23. Plaintiff seeks a constructive trust, and preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire

1  Class, to enjoin and prevent defendant from engaging in the acts described, and requiring
2  defendants to provide full restitution to plaintiff and Class members.

3  24.  Unless a class is certified, Beam will retain monies received as a result of its
4  conduct that was taken from plaintiff and proposed Class members. Unless a classwide
5  injunction is issued, defendant will continue to commit the violations alleged, and the
6  members of the Class and the general public will continue to be misled.

7  25.  Beam has acted and refused to act on grounds generally applicable to the
8  Class, making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### For Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.* On Behalf of Plaintiff and the Class

26.  Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

27.  This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by Civil Code §1761(d). Beam's "Skinnygirl" spirit is a good within the meaning of the Act.

28.  Beam violated and continues to violate the Act by engaging in the following practices proscribed by §1770(a) of the Act in transactions with plaintiff and the Class which were intended to result in, and did result in, the sale of the Beam's "Skinnygirl" spirit:

(a)  Representing Beam's "Skinnygirl" brand of spirit has characteristics which it does not have.

(b)  Representing that Beam's "Skinnygirl" brand of spirit is of a particular standard, quality or grade when in fact it is of another.

(c)  Advertising Beam's "Skinnygirl" brand of spirit as a spirit which is all natural and contains no preservatives.

(d)  Representing that Beam's "Skinnygirl" brand of spirit did not contain various preservatives when it did.

29. Beam violated the Act by representing through its advertisements that Beam's "Skinnygirl" as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

30. Pursuant to §1782 of the Act, plaintiff notified Beam in writing by certified mail of the particular violations of §1770 of the Act and demanded that Beam rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. A copy of the letter is attached hereto as Exhibit A.

31. Pursuant to §1782(d) of the Act, plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Beam and for restitution and disgorgement.

32. If Beam fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

33. Beam's conduct is malicious, fraudulent and wanton, and provides misleading information.

34. Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

## SECOND CAUSE OF ACTION

**Unlawful Business Acts and Practices in Violation of California Business & Professions Code Section 17200, *et seq*., On Behalf of Plaintiff, the General Public and the Class**

35. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

For the reasons discussed above, Beam has violated each of these provisions of Business & Professions Code §17200.

37. Beam has violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §17200 *et seq.*, Health & Safety Code §110765, 21 U.S.C. §343, by misbranding food, Beam's "Skinnygirl" spirit, in violation of federal law, and by violating the common law.

38. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

39. Beam's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code §17200 *et seq.* in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

40. As stated in this Complaint, plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to consumers. Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq.*

41. There were reasonably available alternatives to further Beam's legitimate business interests, other than the conduct described herein.

42. Beam's claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200.

43. Beam's labeling, website and other advertisements, as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

44. Beam's conduct caused and continues to cause substantial injury to plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money as a result of Beam's unfair conduct.

45. Beam's has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling plaintiff to judgment and equitable relief against defendants, as set forth in the Prayer for Relief.

46. Additionally, pursuant to Business & Professions Code §17203, plaintiff seeks an order requiring Beam to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Beam to engage in a corrective advertising campaign.

## THIRD CAUSE OF ACTION

**Breach of Express Warranty**
**On Behalf of Plaintiff and the Class**

47. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

48. Plaintiff, and each member of the Class, formed a contract with defendants at the time plaintiff and the other members of the Class purchased Beam's "Skinnygirl" spirits. The terms of that contract include the promises and affirmations of fact made by Beam on its "Skinnygirl" product labels and through its marketing campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between plaintiff and the members of the Class on the one hand, and Beam on the other.

49. All conditions precedent to Beam's liability under this contract has been performed by plaintiff and the Class.

50. Beam breached the terms of this contract, including the express warranties, with plaintiff and the Class by not providing the "Skinnygirl" product as described above.

51. As a result of Beam's breach of its contract, plaintiff and the Class have been damaged in the amount of the purchase price of the "Skinnygirl" they purchased.

**PRAYER FOR RELIEF**

Wherefore, plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding plaintiff and the proposed Class members damages;

C. Awarding restitution and disgorgement of Beam's revenues to plaintiff and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining defendants from continuing the unlawful practices as set forth herein, and directing defendants to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by defendants by means of any act or practice declared by this Court to be wrongful;

E. Awarding plaintiff and the Class punitive damages;

F. Ordering Beam to engage in a corrective advertising campaign;

G. Awarding attorneys' fees and costs; and

H. Providing such further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 6, 2011    By: _[signature]_
George Rikos

**THE LAW OFFICES OF GEORGE RIKOS**
1307 Stratford Court
Del Mar, Ca 92014
Telephone: (858) 342-9161
Facsimile: (858) 724-1453
Email: George@georgerikoslaw.com

Attorneys for Plaintiff