Christopher J. Healey, State Bar No. 105798
Stefanie Warren, State Bar No. 244038
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.645.5328

Donald I Strauber (Pro Hac Vice App Pending)
Mary T. Yelenick (Pro Hac Vice App Pending)
Garrett S. Kamen (Pro Hac Vice App Pending)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone No.:  212.408.5100
Fax No.: 212.541.5369

Attorneys for Defendant BEAM GLOBAL SPIRITS
& WINE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renata Bonar, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>    Plaintiff,<br><br>v.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., and DOES 1-25, Inclusive,<br><br>    Defendants. | Case No. 11-cv-02058-IEG-NLS<br><br>The Hon. Hon. Irma E. Gonzalez<br>Dept. Courtroom 1<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF BEAM GLOBAL SPIRITS & WINE LLC TO THE COMPLAINT**<br><br>Complaint Filed:          9/06/2011 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**ANSWER AND AFFIRMATIVE DEFENSES OF BEAM
GLOBAL SPIRITS & WINE LLC TO THE COMPLAINT**

Defendant Beam Global Spirits & Wine LLC ("Beam Global"), formerly known as Beam Global Spirits & Wine, Inc., hereby files its Answer and Affirmative Defenses to the Complaint.

**GENERAL ANSWER**

Beam Global states that it responds to these allegations only on behalf of itself and not on behalf of any other entity. All allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in the averment or in the Complaint as a whole.

The Complaint contains numerous quotations and references that purport to be excerpts from various identified and unidentified sources and documents. The alleged documents referred to in the Complaint have not been provided by the Plaintiff. Accordingly, Beam Global is unable to challenge the accuracy, veracity, or source(s) of these quotations or references. To the extent that Beam Global states that a document or other material referenced in the Complaint speaks for itself, or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiff's characterization of such documents or other material is accurate. Beam Global reserves the right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Beam Global does not admit the authenticity of any documents from which quotations were taken or references were made, and reserves the right to challenge the authenticity of all documents quoted or referenced in the Complaint.

**SPECIFIC ANSWER**

**NATURE OF THE ACTION**

1. Beam Global denies each and every allegation contained in Paragraph 1 of the Complaint, except states that Jim Beam Brands Co. ("Jim Beam"), a wholly owned subsidiary of Beam Global, has marketed and has sold Skinnygirl Margarita to distributors in the United States, but states that the advertisements and labeling for Skinnygirl Margarita speak for themselves as to their content.

2. Beam Global denies each and every allegation contained in Paragraph 2 of the Complaint, except states that the advertisements and labeling for Skinnygirl Margarita speak for themselves as to their content.

3. Beam Global denies each and every allegation contained in Paragraph 3 of the Complaint, except states that the advertisements and marketing for Skinnygirl Margarita speak for themselves as to their content.

4. Beam Global denies each and every allegation contained in Paragraph 4 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action, and further admits that Plaintiff and the putative class seek the relief described therein, but denies that Plaintiff or the putative class are entitled to any such recovery.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6. Paragraph 6 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam Global denies each and every allegation contained therein, except admits that Jim Beam is authorized to and conducts business in the Southern District of California.

## PARTIES

7. Beam Global denies each and every allegation contained in Paragraph 7 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence therein.

8. Beam Global admits that it is headquartered in Deerfield, Illinois. Beam Global admits that Beam Inc. is one of the largest spirits companies in the United States. Beam Global admits that Jim Beam has marketed alcoholic beverages, including Skinnygirl Margarita, in the United States, and sold alcoholic beverages, including Skinnygirl Margarita, to distributors in the United States. Beam / / /

1  Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining
2  allegations contained in Paragraph 8 of the Complaint.

3        9.      Beam Global states that Paragraph 9 of the Complaint does not contain an averment of
4  fact to which an answer is required; to the extent an answer is required, Beam Global lacks knowledge
5  or information sufficient to form a belief as to the truth of the allegations contained therein.

## FACTUAL ALLEGATIONS

7        10.      Beam Global denies each and every allegation contained in Paragraph 10 of the
8  Complaint, except admits that Bethenny Frankel is an entrepreneur and TV personality, and that Jim
9  Beam purchased Skinnygirl Margarita on or about March of 2011, and states that the advertisements
10 and marketing for Skinnygirl Margarita speak for themselves as to their content.

11       11.      Beam Global denies each and every allegation contained in Paragraph 11 of the
12 Complaint, except states that the packaging and labeling for Skinnygirl Margarita speak for
13 themselves as to their content.

## CLASS ACTION ALLEGATIONS

15       12.      Beam Global denies each and every allegation contained in Paragraph 12 of the
16 Complaint, except admits that Plaintiff purports to bring this action as a class action and define a
17 putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
18 a class action.

19       13.      Beam Global states that Paragraph 13 of the Complaint does not contain an averment
20 of fact to which an answer is required; to the extent an answer is required, Beam Global denies each
21 and every allegation contained therein, except admits that Plaintiff purports to bring this action as a
22 class action and define a putative class, but denies that this lawsuit is appropriate for class action
23 treatment or is manageable as a class action.

24       14.      Beam Global denies each and every allegation contained in Paragraph 14 of the
25 Complaint, except admits that Plaintiff purports to bring this action as a class action and define a
26 putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
27 a class action.
28 / / /

15. Beam Global denies each and every allegation contained in Paragraph 15 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

16. Beam Global denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

17. Beam Global denies each and every allegation contained in Paragraph 17 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the experience of Plaintiff's counsel. Beam Global admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

18. Beam Global denies each and every allegation contained in Paragraph 18 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

19. Beam Global denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

20. Beam Global denies each and every allegation contained in Paragraph 20 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

21. Beam Global denies each and every allegation contained in Paragraph 21 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a

///

1  putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
2  a class action.

3  22.   Beam Global denies each and every allegation contained in Paragraph 22 of the
4  Complaint, except admits that Plaintiff purports to bring this action as a class action and define a
5  putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
6  a class action.

7  23.   Beam Global denies each and every allegation contained in Paragraph 23 of the
8  Complaint, except admits that Plaintiff purports to bring this action as a class action and define a
9  putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
10  a class action.

11  24.   Beam Global denies each and every allegation contained in Paragraph 24 of the
12  Complaint, except admits that Plaintiff purports to bring this action as a class action and define a
13  putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
14  a class action.

15  25.   Beam Global denies each and every allegation contained in Paragraph 25 of the
16  Complaint, except admits that Plaintiff purports to bring this action as a class action and define a
17  putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as
18  a class action.

19  **FIRST CAUSE OF ACTION**

20  26.   Beam Global repeats and incorporates its responses to the allegations contained in
21  Paragraph 1 through 25 of the Complaint as if fully set forth herein.

22  27.   Beam Global denies each and every allegation contained in Paragraph 27 of the
23  Complaint, except admits that Plaintiff and the putative class purport to bring this action pursuant to
24  the Consumers Legal Remedies Act, California Civil Code § 1750, et seq., but denies that Plaintiff is
25  entitled to recover pursuant to that statute.

26  28.   Beam Global denies each and every allegation contained in Paragraph 28 of the
27  Complaint.
28  / / /

29. Beam Global denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Beam Global denies each and every allegation contained in Paragraph 30 of the Complaint, except admits that a letter from counsel for Plaintiff addressed to Beam Global is attached to the Complaint as Exhibit A, and states that the content of that letter speaks for itself.

31. Beam Global denies each and every allegation contained in Paragraph 31 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

32. Beam Global states that Paragraph 32 of the Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam Global denies each and every allegation contained therein.

33. Beam Global denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admits that the Affidavit of George Rikos is attached to the Complaint as Exhibit B, but states that the content of that affidavit speaks for itself.

**SECOND CAUSE OF ACTION**

35. Beam Global repeats and incorporates its responses to the allegations contained in Paragraph 1 through 34 of the Complaint as if fully set forth herein.

36. California Business & Professions Code, § 17200 speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Beam Global denies each and every allegation contained in Paragraph 37 of the Complaint.

///

38. Beam Global denies each and every allegation contained in Paragraph 38 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

39. Beam Global denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Beam Global states that the first and second sentences of Paragraph 40 of the Complaint do not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam Global denies each and every allegation contained therein. Beam Global denies each and every allegation in the third sentence contained therein.

41. Beam Global states that Paragraph 41 of the Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam Global denies each and every allegation contained therein.

42. Beam Global denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Beam Global denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Beam Global denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Beam Global denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Beam Global denies each and every allegation contained in Paragraph 46 of the Complaint, except admits that Plaintiff and the putative class seek the relief described therein, but denies that Plaintiff or the putative class are entitled to any such recovery.

## THIRD CAUSE OF ACTION

47. Beam Global repeats and incorporates its responses to the allegations contained in Paragraph 1 through 46 of the Complaint as if fully set forth herein.

///

48. Beam Global denies each and every allegation contained in Paragraph 48 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

49. Beam Global denies each and every allegation contained in Paragraph 49 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

50. Beam Global denies each and every allegation contained in Paragraph 50 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

51. Beam Global denies each and every allegation contained in Paragraph 51 of the Complaint, except admits that Plaintiff and the putative class seek the relief described therein, but denies that Plaintiff or the putative class are entitled to any such recovery.

## PRAYER FOR RELIEF

AS TO PLAINTIFF'S PRAYER FOR RELIEF Beam Global denies that Plaintiff is entitled to any of the relief sought under any of the claims she asserts in the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims alleged in the Complaint may not be properly certified or maintained as a class action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims should be denied under the equitable doctrine of abstention or barred by the primary jurisdiction doctrine, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the California Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Beam Global (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiff or the putative class members.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose, including without limitation, California Business & Professions Code § 17208, California Civil Code § 1783, and California Code of Civil Procedure §§ 337, 339(1), 340(a).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed to allege a statutory claim for deceptive and unfair business practices, and misleading advertising upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members may not recover under a theory of unjust enrichment because Plaintiff and putative class members have failed to allege any cognizable "enrichment" of Beam Global.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, because any product by Beam Global (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled and sold.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiff and putative class members, if any, were open and obvious, because Plaintiff and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Beam Global because Beam Global did not owe a legal duty to Plaintiff and putative class members or, if

///

Beam Global owed a legal duty to Plaintiff and putative class members, Beam Global did not breach that duty.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Beam Global.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam Global.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam Global has no control and for which Beam Global is not legally responsible.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are not entitled to relief jointly and severally and Beam Global is not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were done in good faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of California Business & Professions Code Section 17200, et seq., or under any other cause of action in this case.

///

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff and/or the putative class members are entitled to any relief, Beam Global is entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the California Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam Global of procedural and substantive safeguards, including traditional defenses to liability.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent that the laws of other jurisdictions apply, Beam Global invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, and the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

///

**THIRTIETH AFFIRMATIVE DEFENSE**

Beam Global adopts and incorporates by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam Global.

**RESERVATION OF DEFENSES**

Beam Global hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve its right to amend its Answer to assert any such defense. Beam Global also reserves its right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California. Beam Global intends to require Plaintiff to carry her burden of proof on every element of Plaintiff's claims. Beam Global therefore reserves the right to assert by motion or at trial denials as to Plaintiff's ability to prove the required elements of her claims. In the event that any affirmative defense asserted by Beam Global is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam Global on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Beam Global prays for judgment as follows:

1. That this Complaint be dismissed with prejudice;
2. That judgment be rendered in favor of Beam Global;
3. That Beam Global recover its attorneys' fees and expenses; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

    4.    That Beam Global have such other and further relief as this Court deems just and proper.

DATED: February 13, 2012    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ *Christopher J. Healey*
    Christopher J. Healey

CHADBOURNE & PARKE LLP
Donald I Strauber
Mary T. Yelenick
Garrett S. Kamen
30 Rockefeller Plaza
New York, NY 10112
Telephone No.: 212.408.5100
Fax No.: 212.541.5369

Attorneys for Defendant BEAM GLOBAL SPIRITS & WINE, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury of any issue triable by a jury.

DATED: February 13, 2012          LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: */s/ Christopher J. Healey*
    Christopher J. Healey

CHADBOURNE & PARKE LLP
Donald I Strauber
Mary T. Yelenick
Garrett S. Kamen
30 Rockefeller Plaza
New York, NY 10112
Telephone No.: 212.408.5100
Fax No.: 212.541.5369

Attorneys for Defendant BEAM GLOBAL SPIRITS & WINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, I electronically filed Defendant Beam Global Spirits & Wine, Inc., Answer And Affirmative Defenses to the Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Rikos**
  george@georgerikoslaw.com,kklinzman@nblaw.org

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

By: /s/ Christopher J. Healey
      Christopher J. Healey

101803786.2