FILED

12 OCT -9 PM 3:27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATA BONAR, on behalf of herself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>BEAM GLOBAL SPIRITS & WINE, Inc., et al.,<br><br>                              Defendants. | CASE NO. 11cv2058-CAB (KSC)<br><br>**FIRST AMENDED SCHEDULING ORDER**<br><br>[Doc. No. 44.] |

The parties have submitted a first Joint Motion to Continue Scheduling Dates. [Doc. No. 44.] Good cause appearing, the Court **GRANTS** the Motion and **HEREBY ORDERS**:

    1.    Fact and class discovery are not bifurcated but class discovery shall be completed by all parties on or before **November 12, 2012.** "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the

date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court (see online "Chambers' Rules" on Discovery Disputes). In no event shall any joint discovery motion related to class certification be filed later than **December 10, 2012**.

2.      Plaintiff shall file a motion for class certification no later than **January 14, 2013**.

3.      All fact discovery shall be completed by all parties on or before **February 11, 2013**. "Completed" is defined above in paragraph 2. All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition. In any case, the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts. If the discovery dispute concerns written discovery requests, the parties shall submit a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court. (For further information on resolving discovery disputes, see Judge Crawford's "Chambers' Rules" which are accessible via the court's website at www.casd.uscourts.gov. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

4.      The parties shall designate their respective experts in writing by **March 11, 2013**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be on or before **March 25, 2013**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

5.      On or before **April 25, 2013**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as

an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

6.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or before **May 13, 2013**.

7.     All expert discovery shall be completed by all parties on or before **June 11, 2013**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8.     Please be advised that failure to comply with discovery deadlines or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9.     A Mandatory Settlement Conference shall be conducted on **July 9, 2013** at **2:30 p.m.** in the chambers of Magistrate Judge Karen S. Crawford.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **July 2, 2013**.  **All parties are ordered to read and to fully comply with the settlement conference procedures set forth in Judge Crawford's Chambers Rules** which are accessible via the court's website at www.casd.uscourts.gov.

10.    All other pretrial motions including those addressing Daubert issues must be filed on or before **July 24, 2013**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the District Judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Bencivengo.

11.    Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **November 1, 2013**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

1       12.    On or before **November 8, 2013,** the parties shall meet and confer to comply with Local

2 Civil Rule 16.1(f)(4). However, no Memoranda of Law or Contentions of Fact are to be filed. This

3 Order replaces the requirements of Local Civil Rule 16.1(f)(6)(c), and counsel shall prepare a proposed

4 pretrial order containing the following:

5         a.    A joint neutral statement to be read to the jury, not in excess of one page, of the

6 nature of the case and the claims and defenses.

7         b.    A list of the causes of action to be tried, referenced to the Complaint [and

8 Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of

9 the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which

10 is not listed shall be dismissed with prejudice.

11         c.    A list, in alphabetical order, of each witness counsel actually expect to call at

12 trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

13         d.    A list, in alphabetical order, of each expert witness counsel actually expect to

14 call at trial with a brief statement, not exceeding four sentences, of the substance of the expert

15 witnesses' testimony.

16         e.    A list, in alphabetical order, of additional witnesses, including experts, counsel

17 do not expect to call at this time but reserve the right to call at trial along with a brief statement, not

18 exceeding four sentences, of the substance of the witnesses' testimony.

19         f.    A list of all exhibits that counsel actually expect to offer at trial with a

20 one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting

21 with "1" and defendant beginning with an agreed upon numerical designation.

22         g.    A list of all other exhibits that counsel do not expect to offer at this time but

23 reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

24         h.    A statement of all facts to which the parties stipulate. This statement shall be

25 on a separate page and will be read and provided to the jury.

26         i.    A list of all deposition transcripts by page and line number, and videotape

27 depositions by section, that will be offered at trial.

28         j.    Counsel will note any objections they have to any other parties' Fed. R. Civ.

1  P. 26 (a)(3) Pretrial Disclosures.

2       The Court encourages the parties to consult with the assigned Magistrate Judge to work out

3  any problems in preparation of the proposed pretrial order.  Judge Bencivengo.

4       13.  Counsel for plaintiff will be responsible for preparing the pretrial order and arranging

5  the meetings of counsel pursuant to Civil Local Rule 16.1(f).  On or before **November 15, 2013**,

6  plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and

7  approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any

8  objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve

9  their differences, if any, concerning the order.

10      14.  The Proposed Final Pretrial Conference Order, including objections to any other parties'

11 Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned

12 District Judge on or before **November 22, 2013**, and shall be in the form prescribed in and comply

13 with Local Rule 16.1(f)(6).

14      15.  The final Pretrial Conference is scheduled on the calendar of **Judge Bencivengo** on

15 **December 6, 2013** at **2:00 p.m.**

16      16.  A post trial settlement conference before a Magistrate Judge may be held within 30 days

17 of verdict in the case.

18      17.  The dates and times set forth herein will not be modified except for good cause shown.

19      18.  Briefs or memoranda in support of or in opposition to any pending motion shall not

20 exceed twenty-five (25) pages in length without leave of a District Court Judge.  No reply

21 memorandum shall exceed ten (10) pages without leave of a District Court Judge.  Briefs and

22 memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities

23 cited.

24 ///

25 ///

26 ///

27 ///

28 ///

1    19.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case

2  hereafter.

3    **IT IS SO ORDERED.**

4  DATED: 10/9/12

5

6    KAREN S. CRAWFORD
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28