DONALD I STRAUBER (Adm. Pro Hac Vice)
dstrauber@chadbourne.com
MARY T. YELENICK (Adm. Pro Hac Vice)
myelenick@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:   (212) 408-5100
Facsimile:   (212) 541-5369

ROBIN D. BALL (State Bar No. 159698)
rball@chadbourne.com
SUSAN M. ST. DENIS (State Bar No. 149636)
sst.denis@chadbourne.com
CHADBOURNE & PARKE LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, CA 90071
Telephone:   (213) 892-1000
Facsimile:   (213) 892-2045

CHRISTOPHER J. HEALEY (State Bar No. 105798)
chealey@mckennalong.com
STEFANIE WARREN (State Bar No. 244038)
swarren@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone :   (619) 236-1414
Facsimile:    (619) 645-5328

Attorneys for Defendant BEAM GLOBAL SPIRITS & WINE LLC f/k/a BEAM GLOBAL SPIRITS & WINE, INC.

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renata Bonar, On Behalf of Herself, All Others Similarly Situated and the General Public, | Case No. 11-cv-02058 CAB (KSC) |
| | The Hon. Karen S. Crawford |
| Plaintiff, | Courtroom: A |
| v. | **DECLARATION OF SUSAN ST. DENIS IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (BEAM'S MOTION TO COMPEL)** |
| BEAM GLOBAL SPIRITS & WINE, INC., and DOES 1-25, Inclusive, | |
| Defendants. | |

DECLARATION OF SUSAN M. ST. DENIS IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE   11-CV-02058 CAB (KSC)

CPAM: 4984201.1

1    I, Susan St. Denis, declare as follows:

2    1.    I am an attorney licensed to practice before all of the court of the State of
3    California. I am employed by Chadbourne & Parke, LLP, counsel of record for defendant Beam
4    Global Spirits & Wine, LLC ("Beam"). I have personal knowledge of the facts set forth below
5    and, if called as a witness, I could and would testify competently to them, based either on my
6    first-hand knowledge or on my personal review of the documents referred to herein. I submit this
7    declaration in support of Beam's Joint Motion for Determination of Discovery Dispute ("Motion
8    to Compel").

9    2.    On August 8, 2012, Beam served its RFPs, consisting of 21 requests for
10    documents and things relating to Ms. Bonar's claims and contentions and Beam's defenses
11    regarding "Skinnygirl Margarita," preservatives, sodium benzoate, natural and all natural food
12    items, claimed damages, Ms. Bonar's purchase and use of "Skinnygirl Margarita" and other
13    natural and non-natural food and beverage items, the terms of the alleged express warranty, class
14    claims, and Ms. Bonar's adequacy to serve as the class representative, among other things.
15    Attached hereto as Exhibit A is a true and correct copy of Beam's RFP.

16    3.    On or about September 7, 2012, Plaintiff served objections and responses to
17    Beam's RFPs. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's responses.
18    Plaintiff responded that she has no documents responsive to five of the Requests, agreed to
19    produce documents responsive to two of the Requests, and as to the remaining 14 Requests,
20    repeated virtually identical boilerplate objections and provided no substantive responses or
21    documents. On September 27, 2012, Plaintiff produced a total of eight pages of documents in
22    response to request numbers 16 and 17. These are the only documents produced by Plaintiff to
23    date.

24    4.    On September 19, 2012, I requested that Plaintiff's counsel "meet and confer"
25    with me to discuss Plaintiff's responses and boilerplate objections to Beam's RFP. On September
26    27, 2012, we held the "meet and confer" at the law offices of McKenna, Long & Aldridge, LLP
27    in San Diego. I attended telephonically from Los Angeles, Stefanie Warren, local counsel for
28

- 1 -

DECLARATION OF SUSAN M. ST. DENIS IN SUPPORT
OF JOINT MOTION FOR DETERMINATION OF
DISCOVERY DISPUTE  11-CV-02058 CAB (KSC)

CPAM: 4984201.1

1  Beam, attended in person, and Ms. Rosa Shelton and Mr. Alex Tomasevic attended in person on
2  behalf of Plaintiff.

3        5.      At the beginning of the meeting, Mr. Tomasevic stated that he did not believe that
4  Ms. Bonar has any documents responsive to Beam's request numbers 3, 4, 6, 7, 8, 11, and 12.
5  However, he stated that he had not confirmed the existence or non-existence of these responsive
6  documents with his client, and that Ms. Bonar was "on vacation" and "not reachable" by
7  telephone or e-mail.

8        6.      Due to the time constraints imposed on motions to compel by the current
9  Scheduling Order (requiring that joint discovery motions relating to class certification be brought
10 by October 10, 2012), Ms. Warren and I urged Ms. Bonar's counsel to make every effort to reach
11 Ms. Bonar immediately and provide Beam with unequivocal, amended or supplemental
12 responses in order to avoid the unnecessary burden and expense of bringing this Motion to
13 Compel.  Ms. Bonar's counsel agreed to do so with regard to the above listed requests and also
14 with regard to Ms. Bonar's responses to request numbers 9, 10, 14, 15, 18, 19, and 21.

15       7.      Generally, with regard to Beam's Request numbers 3, 4, 6, 7, 8, 10, 11, 12, 14, 15,
16 and 19, Plaintiff's counsel did not argue that the Request called for confidential information, was
17 vague or ambigous, or seek clarification regarding the meaning.

18       8.      With regard to Request number 9, concerning Plaintiff's purchase of other
19 "natural" or "all natural" products, the discussion (also relevant to Request number 6) focused
20 primarily on Plaintiff's claim of burden, with Plaintiff's counsel skeptical that Ms. Bonar has
21 store receipts evidencing such purchases, but might have bank statements, cancelled checks,
22 and/or credit card receipts.  Although he stated a concern that it could be difficult or costly for
23 Plaintiff to obtain those documents for production, he offered no evidence or facts to support his
24 supposition that production would, in fact, be difficult or costly.  Counsel also did not explain
25 whether Ms. Bonar had failed to maintain copies of responsive documents, e.g., for purchases
26 made after the RFPs were served, or had instead made no such purchases.

27       9.      With regard to Request number 18, the discussion focused mainly on whether
28 evidence regarding Plaintiff's weight loss and/or weight mainentance efforts were relevant, but

- 2 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1  also addressed Plaintiff's overbroad and burden objections.  Plaintiff's counsel stated the Plaintiff

2  is/was in Weight Watchers, but argued that because Plaintiff did not buy Skinnygirl Margarita in

3  2005, seeking information from 2005 was over broad.  But he offered no facts or evidence that

4  locating and producing the requested documents would impose an undue burden on Plaintiff, or

5  that she producing the requested documents from 2005 would be substantially more burdensome

6  than producing the documents from 2006 or 2007.

7        10.     With regard to Request number 21, the discussion focused primarily on Plaintiff's

8  claim of privacy.  Specifically, Plaintiff's counsel's stated general concerns of "identity theft" and

9  that the driver's license not be "floating around."  Ms. Warren and I reminded Plaintiff's counsel

10 that the protective order in this case, which governs the use and dissemination of materials

11 designated as confidential, could address any such concerns.  Plaintiff's counsel did not provide

12 any reason that the Protective Order would be insufficient to address his concerns.

13       11.     On October 2, 2012, I sent to counsel for Plaintiff, a copy of Beam's portion of the

14 draft Joint Motion for Determination of Discovery Dispute by email.  I asked that, if they would

15 like to contribute to the Joint Motion, they add plaintiff's positions and bases therefore and return

16 the document to me by close of business October 9, 2012.  Attached as Exhibit C is a true and

17 correct copy of my October 2, 2012 email to Plaintiff's counsel.

18       12.     At approximately 5:10 p.m. on October 8, 2012, I received an email from Ms.

19 Shelton attaching supplemental responses from Plaintiff to certain of her responses, along with

20 three pages of documents (a redacted driver's license and an August 26, 2011 email cancelling

21 Ms. Bonar's Weight Watchers subscription "per her request.")  Plaintiff did not provide any

22 supplement response to request numbers 9 and 10.  Attached hereto as Exhibit D is a true and

23 correct copy of the Supplemental Responses and the three pages of documents.

24       13.     The supplemental responses repeat and incorporate the objections that were

25 previously discussed at the "meet and confer," which in my view, render the brief declarative

26 statement regarding the extent or non-existence of responsive documents both unclear and

27 equivocal.  For example, at the meet and confer, we discussed Ms. Bonar's credit card receipts

28 and cancelled checks and/or bank statements that relate to or are evidence of certain purchases

- 3 -

DECLARATION OF SUSAN M. ST. DENIS IN SUPPORT
OF JOINT MOTION FOR DETERMINATION OF
DISCOVERY DISPUTE  11-CV-02058 CAB (KSC)

CPAM: 4984201.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1  and how to obtain them.  In her supplemental response to Request number 6 (which seeks
2  receipts and other evidence relating to her purchases of alcoholic beverages), Plaintiff repeated
3  all of her objections before stating that she does not have any responsive documents.  Given the
4  prior discussion and her repetition of all objections, it is not clear whether Ms. Bonar actually
5  searched for all responsive documents (e.g. bank statements and credit card receipts) and has
6  none, or alternatively, is standing on her burden objection and thus somehow limited her search
7  (or did not search at all).

8        14.  On October 9, 2012, I explained to Ms. Shelton the continuing problems with the
9  supplemental responses.  A true and correct copy of my October 9, 2012, email is attached as
10 Exhibit E.  Ms. Shelton responded that Plaintiff had not withheld documents based on the
11 objections, and that Plaintiff would produce responsive documents later that day and in the
12 future.  A true and correct copy of Ms. Shelton's email is attached hereto as Exhibit. F.

13       15.  I responded that, among other things, if Plaintiff were to provide unequivocal
14 responses to each request that documents were *not* withheld based on any objection (other than
15 attorney client privilege or work product) and that, notwithstanding the objections, Plaintiff has
16 produced all documents in her possession, custody or control following a reasonable search, or
17 alternatively, that following a reasonable search, has determined that no responsive documents
18 exist, Beam will withdraw the Motion as to any pertinent requests.  A true and correct copy of
19 my October 9, 2012 email is attached hereto as Exhibit G.

20       16.  At approximately 5:09 p.m. on October 9, 2012, Ms. Shelton sent to me via email
21 Plaintiff's inserts to the Joint Motion.  They have been incorporated into the Joint Motion.

22       17.  I declare under penalty of perjury under the laws of the United States of America
23 that the foregoing is true and correct.

24       Executed on October 9, 2012 in Los Angeles, California.

                                        s/Susan St. Denis
                                        Susan St. Denis

- 4 -

DECLARATION OF SUSAN M. ST. DENIS IN SUPPORT
OF JOINT MOTION FOR DETERMINATION OF
DISCOVERY DISPUTE   11-CV-02058 CAB (KSC)

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

CPAM: 4984201.1

# TABLE OF CONTENTS

<u>Exhibit</u>                                                                                                      <u>Page</u>

Exhibit A:  Beam Global's Requests for the Production of Documents and Things to
            Plaintiff Renata Bonar, Set One dated August 8, 2012 .............................................. 6

Exhibit B:  Plaintiff Renata Bonar's Responses to Beam Global's Requests for the
            Production of Documents and Things dated September 7, 2012 .............................. 16

Exhibit C:  Email dated October 2, 2012 to Plaintiff's Counsel ..................................................... 38

Exhibit D:  Plaintiff Renata Bonar's Supplemental Responses to Beam Global's
            Requests for the Production of Documents and Things
            dated October 8, 2012 and three pages of documents ............................................. 39

Exhibit E:  Email dated October 9, 2012 to Plaintiff's Counsel ..................................................... 60

Exhibit F:  Email dated October 9, 2012 to Susan St. Denis ......................................................... 61

Exhibit G:  Email dated October 9, 2012 to Plaintiff's Counsel ..................................................... 62

- 5 -
DECLARATION OF SUSAN M. ST. DENIS IN SUPPORT
OF JOINT MOTION FOR DETERMINATION OF
DISCOVERY DISPUTE   11-CV-02058 CAB (KSC)

CPAM: 4984201.1

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000