**THE LAW OFFICES OF GEORGE RIKOS**
  George Rikos (SBN 204864)
1307 Stratford Court
Del Mar, Ca 92014
Telephone: (858) 342-9161
Facsimile: (858) 724-1453
Email: George@georgerikoslaw.com

**NICHOLAS & BUTLER, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex M. Tomasevic (SBN 245598)
  Mei-Ying Imanaka (SBN 280472)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nblaw.org
Email: atomasevic@nblaw.org
Email: mimanaka@nblaw.org
    Attorneys for Plaintiff Renata Bonar

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENATA BONAR, an individual; on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., and DOES 1-25, Inclusive,<br><br>    Defendants. | CASE NO.: 11-cv-02058-CAB-WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>The Honorable Cathy Ann Bencivengo<br>The Honorable Karen S. Crawford<br><br>Hearing: April 12, 2013<br>Time: 2:30 p.m. |

MEMO OF POINTS & AUTHORITIES

## I.    INTRODUCTION

After Defendant refused to consent to the proposed amendment, Plaintiff now brings this motion under Federal Rule of Civil Procedure 15 ("Rule 15") to amend her complaint to add a co-plaintiff and three defendants.  The gist of the amended complaint is exactly the same:  that the Defendants advertised and sold their wildly popular Skinnygirl® Margarita Mix as "all natural" when, in fact, it was not.  Discovery has not yet concluded, the time for designating experts has not yet passed, and as of yet, no discovery or substantive motion has yet been ruled upon.  Furthermore, there are no new "twists" in adding these defendants because they are related to and are predecessors of the originally-named defendant.  And the "new" plaintiff, save for the date he purchased the product, is making the exact same allegations as Ms. Bonar, the original plaintiff.

As explained more fully below, there is no reason to depart from the rule that amendments must be liberally granted.  Ms. Bonar acted diligently and moved for leave to amend within a reasonable amount of time and despite delays by the Defendant during discovery.  Defendant will not be unduly prejudiced by the amendment given the relatively small changes being made, and because this case is still relatively young.  In short, Defendant will not be able to meet its lofty burden to show that leave to amend should not be granted.  Ms. Bonar's motion should be granted.

## II.    PROCEDURAL BACKGROUND

Ms. Bonar filed this action on September 6, 2011. (*See* Dkt. # 1.) Defendant Beam Global filed an Answer on or about February 13, 2012. (*See* Dkt. #18.)  As the Complaint states, Defendant Beam Global purchased the Skinny Girl Margarita Product at issue in or around March of 2011, months before the original Complaint was filed. (*See* Dkt. # 1, ¶ 10.)

On June 12, 2012, this Court issued its Scheduling Order.  (*See* Dkt. # 40.)  Ms. Bonar served discovery on or about June 29, 2012. (*See* Decl. of Rikos, ¶3.)  However, Beam Global refused to substantively respond to some of the discovery requests or produce any responsive documents until a Protective Order was issued.  (*See* Decl. of Rikos, ¶3.)  The parties were unable to come to an agreement regarding the Protective Order until it was filed as a Joint Motion on or about August 9, 2012 (*See* Dkt. # 41.)  The Order was signed by the Court on September 5, 2012

(*See* Dkt. # 42.) During this time, however, Beam Global refused to produce a single responsive document until after the Protective Order was signed and deadlines within the original Scheduling Order had already expired, forcing the parties to request an Amended Scheduling Order on or about September 5, 2012   (*See* Dkt. # 44; (*See* Decl. of Rikos, ¶4.)

The Joint Motion to Amend the Scheduling Order was approved by this Court on October 9, 2012 (*See* Dkt. # 45.) Ms. Bonar responded to discovery requests on or about September 7, 2012 stating that she purchased the product in January 2011.  (*See* Decl. of Rikos, ¶5.) Defendants took the deposition of Ms. Bonar on October 9, 2012. (*See* Decl. of Rikos, ¶5.) During her deposition, Mr. Bonar again stated that she purchased the product in or about December 2010, and again in January 2011. (*See* Decl. of Rikos, ¶5.) Beam Global did not state at that time that there was any issue with successor liability until it filed its motion for summary judgment – almost two and half months later.

On November 29, 2012, Defendant Beam Global filed a motion for summary judgment, claiming that Ms. Bonar was not an adequate Class Representative because Beam did not acquire the ownership of the product (from the proposed additional defendants) until *after* Ms. Bonar bought the product. (*See* Dkt. # 50.) In support of its argument, Beam Global attached a redacted and sealed Asset Purchase Agreement of the product at issue, dated March 17, 2011. (*See*  Dkt. # 50 [Exhibit A to Decl. of Fechheimer.]  The Asset Purchase Agreement is bates stamped beginning at BEAM_BOM_00042180 (*See* Decl. of Rikos, ¶6.) Beam Global did not produce the Asset Purchase Agreement until November 26, 2012 – a mere 3 days before it filed its motion for summary judgment. (*See* Decl. of Rikos, ¶6; *See* **Exhibit B** [correspondence from Beam Global enclosing supplemental production.) Ms. Bonar, therefore, did not have notice of the potential issue until Beam Global produced the additional documents, and filed its motion for summary judgment three days later – 14 months after the case was filed.  (*See* Decl. of Rikos, ¶7.) Additionally, Beam Global has to date refused to produce the deposition transcript of Bethenny Frankel, even though it would likely shed light on the issues. (*See* Dkt. #54 [Joint Motion for Determination of Disocvery Dispute.]

While Ms. Bonar, in any event, will defeat Defendant's Motion for Summary Judgment and will indeed prove her standing; to help moot the issue, Ms. Bonar also seeks leave to add an additional Class Representative who indisputably purchased the product after Beam Global's acquisition of the product, as well as leave to add three Defendants who owned or distributed the product at the time Ms. Bonar purchased the product.

### III.   DISCUSSION:  THE INTEREST OF JUSTICE MANDATE THAT PLAINTIFF MUST BE PERMITTED TO AMEND HER COMPLAINT

#### A.   Leave to Amend is Freely Given

It is up to Defendant to show why leave to amend should *not* be granted. *Genenthech, Inc. v. Abbott Laboratories,* 127 F.R.D. 529 (N.D. Cal. 1989). That is no simple task because leave to amend a complaint should, in general, be freely given when justice so requires, and the Ninth Circuit has construed Rule 15(a) to require that leave to amend be granted with "extraordinary liberality." *Id.; Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment"); *see also Griggs v. Pace Am. Group, Inc*. 170 F.3d 877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of granting the motion"). This extraordinary liberty is mandated because a plaintiff should be given the opportunity to "test his claim on the merits" when the underlying facts or circumstances may form the proper basis for relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In situations similar to this one, courts have allowed amendments that add or replace class representatives. *See e.g. Chu v. Wells Fargo Investments, Inc.*, 2009 U.S. Dist. LEXIS 88119, *5 (N.D. Cal. 2009) [allowing the plaintiff leave to amend to add additional proposed class representatives four years after the initial complaint was filed.] In determining whether to ultimately grant leave to amend, Courts consider the following factors: bad faith or dilatory motive; past-repeated failures to cure deficiencies; undue prejudice to the opposing party; and futility of amendment. *Id.*; *see also Foman, supra*, 371 U.S. at 182. Examining each of these factors individually favors granting leave to amend here.

**B.      Adding These Parties is Really a Minor Change Given the Circumstances**

Adding an additional class representative is in itself an appropriate reason to grant a motion to amend, and the interests of the Class further compel the amendment in this case. *See e.g. Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) ("We have repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.") (internal citations and quotes removed).

Defendant now claims that Ms. Bonar is not an adequate class representative because she purchased the product prior to Beam Global's acquisition of the brand. (*See* Dkt. # 50 [Defendant's Motion for Summary Judgment]). Defendant will not prevail on its motion. For example, Ms. Bonar will argue that when Defendant purchased the brand, it essentially purchased liability for the brand's bad acts too.

However, should the Court agree with Defendant for any reason, Plaintiff would be precluded from serving as a class representative, and the entire case might be dismissed despite the existence of other qualified class representatives who wish to serve the Class and see this case through to the merits.[1] Such actions would prejudice the Class by permitting the Defendants the opportunity to defeat the entirety of these class claims, and thus decrease the likelihood of the merits coming before the court despite the multiple, independent confirmations of the alleged wrongful acts, and the multiple persons interested in resolving this issue on the merits.[2]

**C.      Plaintiff Did Not Act in Bad Faith or with Dilatory Motive in Seeking This Amendment**

The amending party's delay in seeking to amend its pleadings is not sufficient to justify denying a motion for leave to amend. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-713 (9th Cir 2001). Delay justifies denial of leave to amend *only* when the delay causes prejudice, or shows bad faith by the moving party, or when it precludes full consideration of the

---

[1] Or Ms. Bonar would simply bring her motion for leave to amend at *that* time when Defendant would likely argue that the further passage of time has somehow prejudiced it.

[2] Not only are Ms. Bonar and Mr. Stockton interested in obtaining relief, but so too are other consumers across the country. *See Rapcinsky et al v. Skinnygirl Cocktails, L.L.C. et. al* pending in the Southern District of New York, case number 1:2011cv06546; *Stewart v. Skinny Girl Cocktails, LLC, et al.* pending in the District of New Jersey, case number 1:11-cv-05149.

1  possible futility of the proposed amendment. *Bowles v. Reade*, 198 F.3d 752, 758-759 (9th Cir 1999); *see also Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 95 (2d Cir. 2000) (finding that under California law, "bad faith" for purposes of determining whether amendment is proper, "requires a finding of 'dishonest purpose, moral obliquity, sinister motive, furtive design, or ill will'")..

Here, Plaintiff did not delay but acted quickly when the required information was obtained (that additional parties might need to be named), and thus should be permitted to amend the operative complaint to include additional class representatives. *C.f. Chu, supra* 2009 U.S. Dist. LEXIS 88119 at *7-*8 (permitting a class plaintiff to amend the complaint to add additional class representatives over two years after receiving the names of potential class representatives because of the defendant's delays in providing confirming the status of these individuals).  Defendant will be unable to show that Ms. Bonar acted dishonestly.  To the contrary, Ms. Bonar did not even receive notice of the potential conflict (and thus believe that she needed to add parties) until Beam Global filed its motion for summary judgment on November 29, 2012. (*See* Dkt. # 50.)  Even though Ms. Bonar disclosed facts giving rise to the issue when she responded to discovery on September 7, 2012, Beam Global waited to raise the issue until it filed its motion on November 29, 2012.  (*See* Decl. of Rikos, ¶6.)  Any delay is thanks to Beam, not Ms. Bonar.  Because Ms. Bonar acted quickly, this factor weighs in favor of granting leave to amend.

**D.     Defendants Will not be Unduly Prejudiced by the Amendment**

Prejudice may occur when the additional claims or parties increases the scope and complexity of the litigation or when amendment requires the reopening of discovery and thus imposing significant additional expense and delays in resolving the dispute. *In re Fritz Cos. Secs. Litig.*, 282 F. Supp.2d 1105, 1109 (ND Cal 2003). Again, Defendants must bear the burden of establishing this prejudice. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir 1987). Defendants will be unable to meet this burden because the complexity of the litigation will be unaffected, the class size will remain the same, discovery is not yet closed, and only minor additional discovery will have to be conducted.

Adding Mr. Stockton would not change the underlying claims, namely false advertising, at all. While the additional class representatives would likely lead to minor additional discovery on

5
MEMO OF POINTS & AUTHORITIES

the part of the Defendants, the additional resources so expended are an insufficient basis to deny a motion to amend, especially in comparison to the potential prejudice to the class should this motion be denied. *See Chu, supra* 2009 U.S. Dist. LEXIS 88119 at *9. However, should Mr. Stockton be added as class representative, the Class will have its claims decided "on the merits, rather than on the pleadings or technicalities." *Nunes, supra*, 375 F.3d at 808. As such, the slight prejudice of minor discovery efforts in additional costs are greatly outweighed by the interests of justice in this case.

Additionally, the three proposed additional defendants have already been through similar litigation and the discovery will be virtually identical to discovery the proposed defendants have already been exposed to. The inconvenience of having to reproduce its responses as it pertains to Ms. Bonar's claims will, therefore, be slight.

### E. The Proposed Amendment is not Futile

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir.1986). However, a proposed amendment is futile <u>only</u> if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Baker v. Pacific Far East Lines, Inc.,* 451 F.Supp. 84, 89 (N.D.Cal.1978) (emphasis added); *Miller v. Rykoff-Sexton, Inc.* 845 F.2d 209, 214(9th Cir. 1988).

Adding Mr. Stockton as a Potential Class Representatives and the two additional defendants will not be futile - a legally sufficient cause of action will still exist. *See Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995.) That is because Ms. Bonar is not attempting to add any new causes of action to the Complaint – which causes of action have not been challenged. Amending the Complaint with Mr. Stockton as a Proposed Class Representative and the two additional defendants allows the claims to be heard on their merits. Any claims that it does are made in bad faith and without regard to the case as it stands because the Mr. Stockton is ready to serve as a Proposed Class Representative for his claims against Defendants, and the three Proposed Defendants are already involved in litigation with similar claims.

MEMO OF POINTS & AUTHORITIES

### IV.  CONCLUSION

Based on the foregoing and with good cause showing, Plaintiff Renata Bonar requests leave to file her First Amended Complaint, adding as a defendant Skinny Girl Cocktails, LLC and S.G.C. Global, LLC to all existing claims, as well as Justin Stockton as a proposed Class Representative.

Respectfully submitted,

Dated: January 10, 2013

*/s/ George Rikos*
By: _____
George Rikos
Attorneys for Plaintiff Renata Bonar