**THE LAW OFFICES OF GEORGE RIKOS**
George Rikos (SBN 204864)
1307 Stratford Court
Del Mar, Ca 92014
Telephone: (858) 342-9161
Facsimile:  (858) 724-1453
Email: George@georgerikoslaw.com

**NICHOLAS & BUTLER, LLP**
Craig M. Nicholas (SBN 178444)
Alex M. Tomasevic (SBN 245598)
Mei-Ying Imanaka (SBN 280472)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:   (619) 325-0492
Facsimile:    (619) 325-0496
Email: cnicholas@nblaw.org
Email: atomasevic@nblaw.org
Email: mimanaka@nblaw.org

Attorneys for Plaintiff Renata Bonar

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENATA BONAR, an individual; on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., and DOES 1-25, Inclusive,<br><br>Defendants. | CASE NO.:   11-cv-02058-CAB-WMC<br><br>**DECLARATION OF GEORGE RIKOS IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>The Honorable Cathy Ann Bencivengo<br>The Honorable Karen S. Crawford<br><br>Hearing: April 12, 2013<br>Time:     2:30 p.m. |

DECLARATION OF GEORGE RIKOS

I, George Rikos, hereby declare as follows:

1. I am an attorney licensed to practice law in California and before the United States District Court of the Southern District of California. I am counsel for Plaintiff Renata Bonar. I have personal knowledge of the matters stated herein, and if called and sworn as a witness, I could and would competently testify thereto.

2. Ms. Bonar files this motion for leave to amend the complaint and file a First Amended Complaint. The proposed First Amended Complaint is attached hereto as **Exhibit A**.

3. Ms. Bonar filed this action on September 6, 2011 and Defendant Beam Global filed an Answer on or about February 13, 2012. Ms. Bonar served discovery on or about June 29, 2012. However, Beam Global refused to substantively respond to some of the discovery requests or produce any responsive documents until a Protective Order was issued.

4. The parties were unable to come to an agreement regarding the Protective Order until it was filed as a Joint Motion on or about August 9, 2012. (*See* Dkt. # 41.) The Order was signed by the Court on September 5, 2012 (*See* Dkt. # 42.) During this time, however, Beam Global refused to produce a single responsive document until after the Protective Order was signed and deadlines within the original Scheduling Order had already expired, forcing the parties to request an Amended Scheduling Order on or about September 5, 2012   (*See* Dkt. # 44.)

5. The Joint Motion to Amend the Scheduling Order was approved by this Court on October 9, 2012 (*See* Dkt. # 45.)  Ms. Bonar responded to discovery requests on or about September 7, 2012 stating that she purchased the product in January 2011.  Defendants took the deposition of Ms. Bonar on October 9, 2012. During her deposition, Mr. Bonar again stated that she purchased the product in or about December 2010, and again in January 2011.

6. Beam Global did not state at that time that there was any issue with successor liability until it filed its motion for summary judgment – almost two and half months later.  On November 29, 2012, Defendant Beam Global filed a motion for summary judgment, claiming that Ms. Bonar was not an adequate Class Representative because Beam did not acquire the ownership of the product (from the proposed additional defendants) until *after* Ms. Bonar bought the product.

2

7. In support of its argument, Beam Global attached a redacted and sealed Asset Purchase Agreement of the product at issue, dated March 17, 2011. The Asset Purchase Agreement is bates stamped beginning at BEAM_BOM_00042180. Beam Global did not produce the Asset Purchase Agreement until November 26, 2012 – a mere 3 days before it filed its motion for summary judgment. Attached hereto as **Exhibit B** is a true and correct copy of correspondence from Beam Global enclosing its supplemental production. Ms. Bonar, therefore, did not have notice of the potential issue until Beam Global produced the additional documents, and filed its motion for summary judgment three days later – 14 months after the case was filed. Additionally, Beam Global has to date refused to produce the deposition transcript of Bethenny Frankel, even though it would likely shed light on the issues. (*See* Dkt. #54 [Joint Motion for Determination of Discovery Dispute.]

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States of America. Signed on the 10th day of January 2013 at San Diego, California.

                                                                                      s/ George Rikos
                                                                                      George Rikos

# EXHIBIT A

GEORGE RIKOS, Esq. (SBN 204864)
**THE LAW OFFICES OF GEORGE RIKOS**
1307 Stratford Court
Del Mar, Ca 92014
Telephone: (858) 342-9161
Facsimile:  (858) 724-1453
Email: George@georgerikoslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renata Bonar, an individual, and Justin Stockton, On Behalf of Themselves and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>BEAM GLOBAL SPIRITS & WINE, INC, SKINNY GIRL COCKTAILS, LLC, S.G.C. GLOBAL, LLC, BETHENNY FRANKEL and DOES 1-25, Inclusive,<br><br>Defendants. | No.:<br><br>CLASS ACTION<br><br>[PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750, *ET SEQ.*;<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §17200, *ET SEQ.*; and<br>3. BREACH OF EXPRESS WARRANTY<br><br>DEMAND FOR JURY TRIAL |

1        Plaintiffs Renata Bonar and Justin Stockton ("plaintiffs"), by and through their
2    attorneys, brings this action on behalf of themselves, all others similarly situated and the
3    general public against defendant Beam Global Spirits & Wine, Inc., Skinny Girl Cocktails,
4    LLC, S.G.C. Global, LLC and Bethenny Frankel ("Defendants.") Plaintiffs allege, on
5    information and belief, except for information based on personal knowledge, as follows:

## NATURE OF THE ACTION

7        1.    Defendants market and/or marketed, distribute and sell numerous premium
8    spirit brands, including "Skinnygirl." Through its advertising and labeling, Beam claims that
9    "Skinnygirl" Margarita is:

10       - **All Natural;**
11       - **Uses all natural ingredients; and**
12       - **Contains No Preservatives.**

13       Defendants claimed in its advertising and labeling that "Skinnygirl" spirits are all
14   natural, use all natural ingredients and contain no preservatives.  The terms "All Natural"
15   appear boldly on each bottle of "Skinnygirl" Margarita. The labeling also states that it is only
16   slightly sweetened with agave. Furthermore, the labeling states that it is the Margarita you can
17   trust.  Nowhere on the label does Beam indicate that the spirits contain preservatives,
18   including but not limited to sodium benzoate. In fact, Defendants' "Skinnygirl" Spirits
19   contains preservatives, including sodium benzoate.  Defendants' representations are false,
20   misleading and reasonably likely to deceive the public.
21       2.    Through this advertising, Defendants have conveyed one message:
22   "Skinnygirl" spirits are all natural, use only natural ingredients and contain no preservatives.
23   The advertisements and labeling containing the uniform false and deceptive statements.
24       3.    Defendants' advertising and marketing campaign is designed to cause
25   consumers to buy "Skinnygirl" brand spirits as a result of this deceptive message, and
26   Defendants have succeeded.  The purported "Skinnygirl" brand spirit is anything but All
27   Natural and in fact nothing more than regular spirits.  This is evidenced by Whole Foods
28   decision to pull the brand from its shelves for not being all natural as advertised.

1      4.     Defendants Skinny Girl Cocktails, LLC, S.G.C. Global, LLC and Bethenny Frankel owned the Skinny Girl Margarita Product at issue in this Complaint until March 7, 2011, when they sold the product to Defendant Beam Global.

       5.     Ms. Bonar and Mr. Stockton purchased the product during the relevant class period.

       6.     Plaintiffs brings this action on behalf of themselves and other similarly situated consumers in the United States to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased "Skinnygirl" brand spirits. Plaintiffs allege violations of the California Consumers Legal Remedies Act, California's Unfair Competition Law, and breach of the express warranty created by its advertising, including its labeling.

## JURISDICTION AND VENUE

       7.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of Plaintiffs are citizens of states different from Beam. Further, greater than two-thirds of the Class members reside in states other than the state in which Beam is a citizen.

       8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendant:

       (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

       (b)    does substantial business in this district; and

       (c)    is subject to personal jurisdiction in this district.

## PARTIES

       9.     At all times relevant to this matter, Plaintiffs resided and continues to reside in San Diego County California. During the Class period, and in this District, Plaintiffs were

exposed to and relied on Defendants' claims by reading the "Skinnygirl" label, purchased "Skinnygirl" brand spirits in reliance on these claims, and suffered injury in fact and lost money as a result of the unfair competition described herein.

10. Defendant Beam Global is the world's fourth largest and United States' largest premium spirits company, headquartered in Deerfield, Illinois with over $2.7 billion dollars in revenue. Beam markets, distributes and sells a variety of premium spirits selling over 33 million cases of spirits which, according to their website have "been trusted for generations."

11. Defendant Skinny Girl Cocktails, LLC is a limited liability company with its principal place of business located in New York, New York.

12. Defendant S.G.C. Global, LLC is a limited liability company with its principal place of business located in New York, New York.

13. Defendant Bethenny Frankel is an individual is a reality television star, best-selling author, natural foods chef and entrepreneur who has cultivated an image of promoting a healthy lifestyle generally and has cashed in on that reputation by, together and acting in concert with the other defendants, knowingly and deceptively promoting Skinny Girl as an all natural product.

14. The true names and capacities of the defendants named herein under California Code of Civil Procedure §474 as Does 1 through 25 are presently unknown to Plaintiffs, who therefore sues them by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of these defendants when they have been determined. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein. The Doe defendants are private individuals, associations, partnerships, corporations or institutes who participated in the wrongful conduct alleged herein in ways which are unknown to Plaintiffs at this time.

**FACTUAL ALLEGATIONS**

15. In or about March of 2011, Beam Global purchased the "Skinnygirl" Ready to Drink (RTD) brand of spirits from Defendants Skinny Girl Cocktails, LLC, S.G.C. Global,

1   LLC and Bethenny Frankel.  The "Skinnygirl" brand was created in 2009 by renowned natural
2   foods chef, reality television star and entrepreneur, Defendant Bethenny Frankel.   Beam
3   Global, obviously banking on the marketing and all natural image of Bethenny Frankel,
4   continued marketing and advertising the brand as all natural and the brand you can trust.  This
5   is evidenced by the quote on the bottle from Ms. Frankel identifying the Margarita as the one
6   you can trust.  According to Defendants, the "Skinnygirl" brand is all natural.  By purchasing
7   "Skinnygirl" brand spirits from the famed natural foods chef and labeling and marketing the
8   brand as all natural and containing no preservatives, Plaintiffs and consumers alike, were led to
9   believe that the already widely known health conscious "Skinnygirl" brand was indeed all
10  natural and free of any preservatives.  Defendants' representations are false, misleading and
11  reasonably likely to deceive the public.

12      16.   On its packaging and labeling Defendants stated that "Skinnygirl" is all
13  natural and contains no preservatives.  Nowhere do or did Defendants indicate or state that the
14  product contains preservatives.

## CLASS ACTION ALLEGATIONS

16      17.   Plaintiffs bring this lawsuit on behalf of themselves and the proposed
17  Class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.  The
18  proposed Class consists of:

> All persons who purchased Defendants' "Skinnygirl" brand of spirits until the date notice is disseminated.  Excluded from the Class are defendant's officers, directors and employees and those who purchased "Skinnygirl" spirits for the purpose of resale.

23      18.   Subject to additional information obtained through further investigation and
24  discovery, the foregoing definition of the Class may be expanded or narrowed by amendment
25  or amended complaint.  Specifically excluded from the proposed Class are the defendant, its
26  officers, directors, agents, trustees, parents, children, corporations, trusts, representatives,
27  employees, principals, servants, partners, joint-venturers, or entities controlled by the
28  defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated

1  with the defendant and/or its officers and/or directors, or any of them; the Judge assigned to
2  this action, and any member of the Judge's immediate family.

3      19.    ***Numerosity***.  The members of the Class are so numerous that their individual
4  joinder is impracticable.  Plaintiffs are informed and believe, and on that basis alleges, that the
5  proposed Class contains many thousands of members.  The precise number of Class members
6  is unknown to Plaintiffs.  The true number of Class members is known by the Defendants,
7  however, and thus, may be notified of the pendency of this action by first class mail, electronic
8  mail, and by published notice.

9      20.    ***Existence and Predominance of Common Questions of Law and Fact***.
10 Common questions of law and fact exist as to all members of the Class and predominate over
11 any questions affecting only individual Class members.  These common legal and factual
12 questions include, but are not limited to, the following:

13     (a)    whether Defendants had adequate substantiation for their claims prior to
14 making them;

15     (b)    whether the claims discussed above are true, or are misleading, or
16 reasonably likely to deceive;

17     (c)    whether Defendants' alleged conduct violates public policy;

18     (d)    whether the alleged conduct constitutes violations of the laws asserted
19 herein;

20     (e)    whether Defendants' engaged in false or misleading advertising;

21     (f)    whether Plaintiffs and Class members have sustained monetary loss and
22 the proper measure of that loss;

23     (g)    whether Plaintiffs and Class members are entitled to an award of
24 disgorgement of Defendants' profits;

25     (h)    whether Plaintiffs and Class members are entitled to an award of
26 punitive damages; and

27     (i)    whether Plaintiffs and Class members are entitled to declaratory and
28 injunctive relief.

1      21.     ***Typicality***.  Plaintiffs' claims are typical of the claims of the members of the Class in that the defendant was unjustly enriched as a result of Plaintiffs' and the Class' respective purchases of Defendants' "Skinnygirl" spirits.

       22.     ***Adequacy of Representation***.  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel highly experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs have no adverse or antagonistic interests to those of the Class.

       23.     ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

       24.     In the alternative, the Class may also be certified because:

       (a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendant;

       (b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

       (c)    Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

25. Unless stated otherwise, the claims asserted herein are applicable to all persons who purchased Defendants' "Skinnygirl" brand of spirits.

26. Adequate notice can be given to Class members directly using information maintained in defendant's records or through notice by publication.

27. Damages may be calculated, in part, from the sales information maintained in defendant's records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class certification.

28. Plaintiffs seek a constructive trust, and preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent defendant from engaging in the acts described, and requiring defendants to provide full restitution to Plaintiffs and Class members.

29. Unless a class is certified, Defendants will retain monies received as a result of its conduct that was taken from Plaintiffs and proposed Class members. Unless a classwide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

30. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

**For Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.* On Behalf of Plaintiffs and the Class**

31. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

32. This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code §1750, *et seq.* (the "Act"). Plaintiffs are consumers as defined by Civil Code §1761(d). Defendant's "Skinnygirl" spirit is a good within the meaning of the Act.

33. Defendants violated and continues to violate the Act by engaging in the following practices proscribed by §1770(a) of the Act in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of the Beam's "Skinnygirl" spirit:

(a) Representing Defendants' "Skinnygirl" brand of spirit has characteristics which it does not have.

(b) Representing that Defendants' "Skinnygirl" brand of spirit is of a particular standard, quality or grade when in fact it is of another.

(c) Advertising Defendants' "Skinnygirl" brand of spirit as a spirit which is all natural and contains no preservatives.

(d) Representing that Defendants' "Skinnygirl" brand of spirit did not contain various preservatives when it did.

34. Defendants violated the Act by representing through its advertisements that Defendants' "Skinnygirl" as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

35. Pursuant to §1782 of the Act, Plaintiffs notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Beam rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. A copy of the letter is attached hereto as Exhibit A.

36. Pursuant to §1782(d) of the Act, Plaintiffs and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendants' and for restitution and disgorgement.

37. If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date

1  of written notice pursuant to §1782 of the Act, Plaintiffs will amend this Complaint to add
2  claims for actual, punitive and statutory damages, as appropriate.

3        38.      Defendants' conduct is malicious, fraudulent and wanton, and provides
4  misleading information.

5        39.      Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit
6  showing that this action has been commenced in the proper forum.

## SECOND CAUSE OF ACTION

**Unlawful Business Acts and Practices in Violation of
California Business & Professions Code Section 17200, *et
seq*., On Behalf of Plaintiffs,
the General Public and the Class**

      40.      Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

      41.      Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Beam has violated each of these provisions of Business & Professions Code §17200.

      42.      Defendants have violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §17200 *et seq.*, Health & Safety Code §110765, 21 U.S.C. §343, by misbranding food, Defendants' "Skinnygirl" spirit, in violation of federal law, and by violating the common law.

      43.      Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

      44.      Defendants' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the

meaning of Business & Professions Code §17200 *et seq.* in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

45. As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to consumers. Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq.*

46. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

47. Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200.

48. Defendants' labeling, website and other advertisements, as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

49. Defendants' conduct caused and continues to cause substantial injury to Plaintiffs and the other Class members. Plaintiffs have suffered injury in fact and have lost money as a result of Defendants' unfair conduct.

50. Defendants' have thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiffs to judgment and equitable relief against defendants, as set forth in the Prayer for Relief.

51. Additionally, pursuant to Business & Professions Code §17203, Plaintiffs seek an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to engage in a corrective advertising campaign.

## THIRD CAUSE OF ACTION

### Breach of Express Warranty
### On Behalf of Plaintiffs and the Class

52. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

53. Plaintiffs, and each member of the Class, formed a contract with Defendants at the time Plaintiffs and the other members of the Class purchased Defendants' "Skinnygirl" spirits. The terms of that contract include the promises and affirmations of fact made by Defendants' on its "Skinnygirl" product labels and through its marketing campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiffs and the members of the Class on the one hand, and Defendants on the other.

54. All conditions precedent to Defendants' liability under this contract has been performed by Plaintiffs and the Class.

55. Defendants breached the terms of this contract, including the express warranties, with Plaintiffs and the Class by not providing the "Skinnygirl" product as described above.

56. As a result of Defendants' breach of its contract, Plaintiffs and the Class have been damaged in the amount of the purchase price of the "Skinnygirl" they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment:

A. Certifying the Class as requested herein;

B. Awarding Plaintiffs and the proposed Class members damages;

C. Awarding restitution and disgorgement of Defendants' revenues to Plaintiffs and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining defendants from continuing the unlawful practices as set forth herein, and directing defendants to identify, with Court supervision, victims of its conduct and pay them

1 | restitution and disgorgement of all monies acquired by defendants by means of any act or
2 | practice declared by this Court to be wrongful;

    E.    Awarding Plaintiffs and the Class punitive damages;

    F.    Ordering Defendants to engage in a corrective advertising campaign;

    G.    Awarding attorneys' fees and costs; and

    H.    Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  January 9, 2013        By:   s/ George Rikos
                                       George Rikos

**THE LAW OFFICES OF GEORGE RIKOS**
1307 Stratford Court
Del Mar, Ca 92014
Telephone: (858) 342-9161
Facsimile:  (858) 724-1453
Email: George@georgerikoslaw.com

Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26  # EXHIBIT B
27
28

4
DECLARATION OF GEROGE RIKOS

**CHADBOURNE
& PARKE** LLP

Michael Samalin
direct tel +1 212 408 1141
msamalin@chadbourne.com

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

November 26, 2012

**VIA FEDEX**

George Rikos, Esq.
Law Offices of George Rikos
1307 Stratford Court
Del Mar, California 92014

    Re:  *Bonar v. Beam Global Spirits & Wine, Inc.*, No. 3:11-cv-02058,
        U.S. District Court for the Southern District of California

Dear Mr. Rikos:

    Enclosed please find a CD containing Beam Global Spirits & Wine LLC's third production, documents Bates stamped BEAM_BON_000041630 to BEAM_BON_000042195. Documents within this production have been designated Confidential or Highly Confidential pursuant to the protective order in place in this litigation.

    Please feel free to contact me with any questions.

Very truly yours,

Michael Samalin

Enclosures

MS

