FILED

13 JAN 18 AM 9: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: NO              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATA BONAR, on behalf of herself and all others similarly situated,<br><br>                                        Plaintiff,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, Inc., et al.,<br><br>                                        Defendant. | CASE NO. 11cv2058-CAB (KSC)<br><br>**ORDER GRANTING EXTENSIONS & DETERMINING DISCOVERY DISPUTES**<br><br>[Doc. Nos. 46, 53, 54 & 55] |

Before the Court are four motions, including; Joint Motion for Determination of Discovery Dispute, as well as supporting and opposing points and authorities, declarations, and exhibits [Doc. No. 46]; Joint Motion to Continue Class Certification Motion Discovery Cut-Off [Doc. No. 53]; Joint Motion for Determination of Discovery Dispute, as well as supporting and opposing points and authorities, declarations, and exhibits [Doc. No. 54]; and, plaintiff's Ex Parte Motion to Continue Deadline to File Motion for Class Certification. [Doc. No. 55]

The parties' first dispute centers on defendant Beam Global's First Set of Requests for Production of Documents. [Doc. No. 46]  Defendant contends that plaintiff Renata Bonar failed to provide adequate responses to Document Request Nos. 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 18, 19, and 21.  The parties' second dispute centers on plaintiff's Second Set of Requests for Production of Documents. [Doc. No. 54]  Plaintiff contends that defendant failed to provide adequate responses to Document Request Nos. 84, 85, 86, 87, 88, 89, 90, 91, 97, and 103.

The parties' two requested extensions relate to Class Certification deadlines. [Doc. Nos. 53, 55] With respect to the first request [Doc. No. 53], the parties jointly seek a one-day continuance of the Class Certification motion discovery cut-off date from December 10, 2012 to December 11, 2012. Regarding the second request [Doc. No. 55], the parties seek an extension of time for plaintiff to file a Motion for Class Certification until 60 days after a ruling on defendant Beam Global's pending Motion for Summary Judgment. [Doc. No. 50]

As to the parties' first discovery dispute, the Court rules that defendant's request for an Order compelling plaintiff to provide more complete responses [Doc. No. 46] is **GRANTED in part** and **DENIED in part**. Regarding the parties' second dispute, the Court finds that plaintiff's request for an Order compelling defendant to provide more complete responses [Doc. No. 54] is **DENIED**. With respect to the requested extensions, the parties' December 7, 2012 Joint Motion [Doc. No. 53] and plaintiff's ex parte Motion to Continue Plaintiff's Deadline to File a Motion for Class Certification [Doc. No. 55] are both **GRANTED**.

## BACKGROUND

Plaintiffs are consumers who purchased "Skinnygirl" Margarita which was marketed, distributed, and sold by defendant Beam Global Spirits & Wine, Inc. ("Beam" or "defendant"). Beam markets, distributes, and sells numerous premium spirit brands, including "Skinnygirl." Beam claims in its advertising and labeling that "Skinnygirl" spirits are all natural, use all natural ingredients, and contain no preservatives. In pertinent part, the "Skinnygirl" label contains the following: (1) "All Natural" referenced in bold lettering; (2) representation that it is slightly sweetened with agave; and (3) that it is the margarita "you can trust." According to the Complaint, while the label does not include any mention of preservatives, "Skinnygirl" does in fact contain sodium benzoate (a preservative).

Plaintiff alleges that defendant falsely warranted and represented that its "Skinnygirl" products are all natural and contain no preservatives, and that defendant's advertising and labeling are false, misleading, and reasonably likely to deceive the public. Plaintiff contends the all-natural advertising campaign is designed to cause consumers to purchase "Skinnygirl." Plaintiff Renata Bonar brings this action on behalf of herself and other similarly situated consumers in the United States to halt the

1  dissemination of the allegedly false and misleading advertising, to correct the false perception it has

2  created in the minds of consumers, and to obtain redress for those who purchased "Skinnygirl" brand

3  spirits. Plaintiff specifically alleges violations of the California Consumers Legal Remedies Act (CAL.

4  CIV. CODE § 1750, *et seq.*); California's Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200,

5  *et seq.*); and Breach of Express Warranty created by its advertising, including labeling (CAL. COMM.

6  CODE § 2313).

7  ## DISCUSSION

8  The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding

9  any matter, not privileged, which is relevant to the claim or defense of any party involved in the

10  pending action. Relevant information need not be admissible at trial if the discovery appears

11  reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b). However,

12  a court may limit discovery of relevant material if it determines that the discovery sought is

13  unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient,

14  less burdensome, or less expensive, or the burden or expense of responding to the proposed discovery

15  outweighs the likely benefit. The party resisting discovery generally bears the burden of showing that

16  the discovery requested is irrelevant to the issues in the case or is overly broad, unduly burdensome,

17  unreasonable, or oppressive. If the resisting party meets its burden, the burden shifts to the moving

18  party to show the information is relevant and necessary. *Henderson v. Holiday CVS, L.L.C.*, 269

19  F.R.D. 682, 686 (2010).

20  I.   **Defendant Beam Global's First Set of Requests for Production of Documents**

21  Defendant contends that plaintiff Renata Bonar failed to provide adequate responses to

22  Document Request Nos. 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 18, 19, and 21. [Doc. No. 46] However,

23  based on the representations made by plaintiff, and the underlying papers, only Request Nos. 9 and 10

24  appear to be at issue. With respect to the other numbered Requests mentioned above, any dispute over

25  them appears to be procedural, not substantive.

26  A.   **Request Nos. 3, 4, 6, 7, 8, 11, 12, 14, 15, 18, 19, and 21**

27  After initially responding with numerous objections, plaintiff supplemented her responses to

28  all of these Requests on October 8, 2012 by either producing all responsive items in her possession

1   or stating that she did not have any documents in her possession responsive to the requests.  More

2   specifically, "[s]ubject to and without waiving" previously stated objections, "Ms. Bonar has already

3   produced all documents in her possession, custody, or control." [Doc. No. 46, Exh. D] Defendant

4   argues that plaintiff's responses are provided "subject to and without waiving" objections, thereby

5   creating ambiguity as to whether plaintiff produced all responsive documents, notwithstanding the

6   objections, or instead withheld production because of the stated objections.  To address this ambiguity,

7   defendant asks the Court to order plaintiff to produce responsive documents or "provide an

8   unequivocal response that [notwithstanding the objections] no such documents exist."

9        While plaintiff's language creates some doubt as to whether the responses were limited by the

10   objections, an October 9, 2012 e-mail exchange between Susan St. Denis (attorney for defendant) and

11   Rosa Shelton (attorney for plaintiff) clarifies this uncertainty.  In that exchange, Ms. Shelton stated that

12   on October 8, 2012, plaintiff "supplemented subject to and without waiving [her] original objections"

13   for the purpose of "preserving all appropriate objections," but she "did not withhold any documents

14   based upon the objections . . . ." [Doc. No. 46, Exh. F] Ms. St. Denis contends that plaintiff's

15   responses do not provide defense counsel with adequate assurances.  [Doc. No. 46, Exh. G]

16        Plaintiff's supplemental responses to these Requests are not adequate.  Defendant seeks an

17   unequivocal and binding statement from plaintiff.  While plaintiff provided assurances in the October

18   9, 2012 e-mail exchange discussed above, an e-mail exchange is not a binding discovery response, and

19   thus, is insufficient. FED.R.CIV.P. 26(g)(1)(A).  Accordingly, plaintiff's representative must provide

20   defendant with a written declaration under penalty of perjury detailing their efforts to locate the

21   sought-after items and stating that "to the best of [his or her] knowledge, information, and belief

22   formed after a reasonable inquiry," the responses to these requests are "complete and correct."

23   FED.R.CIV.P. 26(g)(1)(A).[1]  Therefore, defendant's request for an Order requiring plaintiff to provide

24   more complete responses to Request Nos. 3, 4, 6, 7, 8, 11, 12, 14, 15, 18, 19, and 21 is **GRANTED**.

25   / / /

26

27   _____

28        [1] Under Rule 26(g)(1)(A), discovery responses must be accompanied by a certification "after
     a reasonable inquiry" indicating that the disclosure is "complete and correct as of the time it is
     made. . . ."

1

**B.   Request No. 9**

2       Request No. 9 seeks all documents related to any purchase by or for plaintiff (or on plaintiff's

3  behalf) "of a food or beverage product promoted or labeled as 'natural' or 'all natural' (other than the

4  PRODUCT) since January 1, 2009." [Doc. No. 46, p. 17]  Defendant contends the documents sought

5  by this Request are relevant to plaintiff's purchasing habits with regard to natural food and beverages,

6  including alcoholic beverages. [Doc. No. 46, p. 18]

7       Plaintiff argues that she does not have or keep receipts evidencing her grocery store purchases,

8  nor "does she keep labels from her purchases from the actual containers of the products she has

9  purchased." *Id.*  However, plaintiff concedes that she might have bank statements and other records

10  which would be responsive to the request. *Id.*  On October 9, 2012, plaintiff produced what she claims

11  to be all of the responsive documents in her possession, namely financial statements from the previous

12  three months. *Id.*  However, according to defendant, without an additional statement of assurance from

13  plaintiff, defendant is left to "guess" whether this production represents the entire universe of

14  documents in plaintiff's custody. *Id.* at 19.  Further, defendant argues there is no explanation for why

15  there are no receipts for the time period <u>after</u> defendant's requests for production were served. *Id.*

16       With respect to Document Request No. 9, the Court finds that plaintiff has improperly failed

17  to preserve receipts related to purchases of food/beverages labeled all natural <u>after</u> being served with

18  defendant's document request.  Because the main issues in the case involve consumer choices,

19  motives, and inducements for purchasing products based on "all-natural" marketing, plaintiff's record

20  of consumption of similar products is relevant.  Thus, from the date that plaintiff was served with

21  Request No. 9, she was required to maintain chronological responsive receipts.  Further, despite the

22  fact that production of responsive financial information which precedes the production made involves

23  time, expense, and interaction with third-party banks with whom plaintiff no longer does business,

24  defendant is entitled to obtain such records dating back to January 1, 2009.  Plaintiff is required to

25  produce these documents, or, if they are no longer in her possession, provide defendant with the bank

26  names, branch addresses, and dates plaintiff banked with the financial institutions, along with an

27  appropriate release which will allow for the direct production of responsive records from the financial

28

1  institution to the defendant.  Lastly, defendant is entitled to a Rule 26(g)(1)(A) certification from

2  plaintiff that the production to date represents the entire universe of documents in plaintiff's custody.

3      For all these reasons, defendant's request for an order requiring plaintiff to provide a more

4  complete response to Request No. 9 is **GRANTED**.

5          **C.    Request No. 10**

6      Request No. 10 seeks all photographs depicting plaintiff with, holding, or consuming a food

7  or beverage from January 1, 2009 to present. [Doc. No. 46, p. 20] Defendant contends the photographs

8  are relevant to plaintiff's eating and drinking habits as they may show that she consumes products that

9  are not "all natural" or preservative-free.  *Id.*  Defendant argues this could undermine plaintiff's

10 argument that she purchased "Skinnygirl" for its "all-natural" qualities by demonstrating alternative

11 reasons for her purchases, such as its low calorie count. *Id.*

12     While consistently questioning the relevancy, plaintiff argues that the photographs are an

13 inefficient means of demonstrating whether she relied on the "all-natural" labeling in purchasing

14 "Skinnygirl." *Id.* at 21.  Further, plaintiff contends she has already produced documentation regarding

15 both her involvement in a weight loss program (Weight Watchers) and debit card statements

16 evidencing her dining/eating habits. *Id.* at 22.  Plaintiff argues that the production to date is sufficient

17 for the purpose of establishing her pattern of consumption as well as her motives for purchasing

18 food/beverages.

19     A court may limit discovery of relevant material if it determines that the discovery sought is

20 unreasonably cumulative, or obtainable from some other source that is more convenient, less

21 burdensome, or the burden of proposed discovery outweighs the likely benefit. FED.R.CIV.P. 26(b);

22 *Henderson*, 269 F.R.D. at 686.  While plaintiff's consumption habits and choices are at issue in this

23 case, there are more efficient, accurate, and less intrusive ways of determining plaintiff's pattern of

24 consumption and motives for purchasing relevant products.  As pointed out by plaintiff, it would be

25 difficult to determine from a photograph whether the food/beverages being consumed were "all-

26 natural."  While the Court recognizes that a photograph could conceivably capture the label of a

27 particular product or that an item is so unique as to be identifiable without a label, defendant's request

28

- 6 -                                    11cv2058-CAB (KSC)

1   is unreasonably broad.  Further, this request would likely lead to the production of photographs

2   containing unidentifiable foods and beverages, yielding speculative and unreliable results at best.

3        Considering that plaintiff has already produced documentation regarding her involvement in

4   a weight loss program and debit card statements evidencing her dining/eating habits, the requested

5   photographs would add very little to establishing plaintiff's pattern of or motives behind food and

6   beverage consumption.  Therefore, the Court finds that the probative value of the photographs

7   requested is outweighed by potential prejudice and confusion.

8        For all these reasons, defendant's request for an order requiring plaintiff to provide a more

9   complete response to Request No. 10 is **DENIED**.

10  **II.**    **Plaintiff Renata Bonar's Second Set of Requests for Production of Documents**

11       Plaintiff contends that defendant Beam Global failed to provide adequate responses to

12  plaintiff's second set of Document Requests, specifically Nos. 84, 85, 86, 87, 88, 89, 90, 91, 97, and

13  103. [Doc. No. 54] Request Nos. 84-91 all relate to defendant Beam's responses to discovery in other

14  cases.  Further, Request No. 97 involves a disagreement over the completeness of a Redaction Log,

15  and Request No. 103 involves a dispute of overbreadth.

16      **A.**    **Request No. 84**

17       Request No. 84 seeks the deposition transcript of Bethenny Frankel covered by protective

18  orders issued in two collateral lawsuits.  Plaintiff argues that the Frankel deposition transcript is

19  relevant and relates to the marketing of the product and the initial decision to label it as "all natural."

20  [Doc. No. 54, p. 3-4] Defendant contends the Frankel deposition transcript has been designated "highly

21  confidential" and not subject to disclosure pursuant to two protective orders in place in the *Rapcinsky*[2]

22  and *Langendorf*[3] cases. *Id.* at 4.  Per the terms of the protective orders,[4] defendant argues that the

23  Courts in which they were entered (the Southern District of New York and the Northern District of

24  _____

25      [2]*Rapcinsky v. Skinny Girl Cocktails, LLC*, 11cv6546 in the Southern District of New York

26      [3]*Langendorf v. Skinny Girl Cocktails, LLC*, 11cv7060 in the Northern District of Illinois

27      [4] "If a party wishes to disclose any information designated as Confidential to any person not described in paragraph 8 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such

28  disclosure shall be made unless this Court, upon application by the party requesting such permission, otherwise orders." [Doc. No. 54, Exhs. B and C, p. 5]

District of Illinois) are the proper forums for deciding whether disclosure of confidential information is appropriate in this case, and not the Southern District of California. *Id.*

As stated by the Ninth Circuit in *Foltz*, "The court that issued the [protective] order is in the best position to make the relevance assessment for it is presumably the court familiar with the contents of the protected discovery." *Foltz v. State Farm Mutual Auto Ins. Co.,* 331 F.3d 1122, 1132 (9th Cir. 2003). Here, the District Courts in the Southern District of New York and the Northern District of Illinois both issued protective orders covering the Frankel deposition transcript. While it is unclear from the papers which protective order is controlling,[5] both orders contain identical language directing a third party seeking the disclosure of any information designated as Confidential to request permission from the Designating Party, and, if permission is not granted for the requested disclosure, to file an application with the Court which issued the protective order. Assuming the Designating Party objects to disclosure, in order for plaintiff to obtain a copy of the Frankel deposition transcript, plaintiff must abide by the terms of the protective orders and file an application with the appropriate District Court. Either the Southern District of New York or the Northern District of Illinois, whichever is presiding over the case in which the deposition was noticed and taken, and not the Southern District of California, is the proper forum for obtaining disclosure of materials designated "Confidential" under the operative protective orders. For these reasons, plaintiff's request seeking an Order compelling additional responses by defendant Beam to Request No. 84 is **DENIED**.

**B.    Request Nos. 85-91**

Request Nos. 85-91 seek all of defendant's discovery responses from 7 pending (collateral) lawsuits in "sister" cases in other federal jurisdictions.[6] Plaintiff contends that the discovery in the

---

[5] It is unclear in which case the Frankel deposition was originally noticed and taken. However, it appears to be the *Langendorf v. Skinny Girl Cocktails, LLC,* 11cv7060 in the Northern District of Illinois, as Ms. Frankel is a named defendant in that matter.

[6] The actual requests read: "All of YOUR discovery responses from requests propounded to YOU in the [Case Name, Number, Jurisdiction]." The 7 requests at issue involve pending litigation in 7 federal jurisdictions, identified as follows: *Rapcinsky v. Skinny Girl Cocktails, LLC,* 11cv6546, Southern District of New York; *Green v. Skinny Girl Cocktails, LLC,* 11cv61965, Southern District of Florida; *Von Kaenel v. Skinny Girl Cocktails, LLC,* 11cv7305, Central District of California; *Stewart v. Beam Global Spirits & Wine, Inc., et al.,* 11cv5149, District of New Jersey; *Sims v. Beam Global Spirits & Wine Inc., et al.,* 11cv6403, Northern District of Illinois; *Jernigan v. Beam Global Spirits & Wine, Inc., et al.,* 11cv842, Southern District of Illinois; and *Roth v. Beam Global Spirits & Wine, Inc., et al.,* 11cv1023, District of New Mexico.

1   "sister-actions is identical or very similar because the same or substantially the same allegations are

2   contained in each action." *Id.* at 3-4. Defendant argues plaintiff is not entitled to consolidate discovery

3   in this Court after failing to win consolidation before the Judicial Panel on Multidistrict Litigation.

4   [Doc. No. 54, p. 7, citing *In re Skinnygirl Margarita Bev. Mktg. & Sales Practices Litig.*, 829 F. Supp.

5   2d 1380, 1381 (J.P.M.L. 2011). By expanding the scope of discovery to include activities in 7 other

6   federal jurisdictions, defendant contends plaintiff's attempt "subverts the limits on discovery in this

7   case" and undermines this Court's ability to manage discovery disputes. *Id.* at 8. Lastly, defendant

8   argues this approach would be inefficient and claims plaintiff has not carried her burden of

9   demonstrating how <u>all</u> the discovery responses from other cases are relevant to issues and claims in

10  this case. *Id.* at 8-9.

11          While it is true that the Ninth Circuit favors collateral litigation discovery to the extent that it

12  "advances the interests of judicial economy by avoiding the wasteful duplication of discovery,"

13  plaintiff has failed to carry her burden of demonstrating the relevance of the sought-after discovery

14  materials from the collateral Skinnygirl cases. *Foltz*, 331 F.3d at 1132. With respect these 7 Requests,

15  plaintiff claims in her moving papers that the issues in this case are "identical or very similar" to the

16  issues in the collateral cases because the "same or substantially the same allegations are contained in

17  each action." [Doc. No. 54] However, the Judicial Panel on Multidistrict Litigation denied plaintiff's

18  attempt to consolidate with the collateral cases, finding that "common material disputed facts may be

19  limited in number."[7]  Considering the rationale provided by the Judicial Panel, a proper request for

20  discovery from collateral Skinnygirl cases would be for specific information related to common issues

21  not otherwise obtainable.  Here, plaintiff does not present specific requests, but instead seeks to

22  examine all the discovery responses from the "sister cases" as a method of "fact-checking" defendant

23

24  ――――――――――――――――

25          [7] In its ruling denying consolidation to the Skinnygirl plaintiffs, the Judicial Panel noted that
    "plaintiffs have failed to detail how pretrial proceedings would benefit from centralization. . . .[,] that
26  [] common material disputed facts may be limited in number. . . . [,] and [that] centralization may not
    prevent either conflicting or multiple rulings, because plaintiffs bring their claims under the laws of
    different states. Under some state laws, the state of mind or reliance by individual purchasers may be
27  a critical factor; in others it may not. These issues would not involve common discovery." *In re
    Skinnygirl Margarita Bev. Mktg. & Sales Practices Litig.*, 829 F. Supp. 2d at 1381.

28

1   Beam's responses in this case. [Doc. No. 54] This request is clearly overbroad and does not advance

2   judicial economy.

3        In light of plaintiff's failure to achieve consolidation before the Judicial Panel, its blanket

4   requests for access to all of defendant Beam's discovery responses from collateral cases are

5   inappropriate.  While narrowly tailored, factually specific requests will be considered, the Requests

6   as phrased are overbroad and unduly burdensome.  Accordingly, plaintiff's request seeking an Order

7   compelling additional responses by defendant Beam to Request Nos. 85-91 is **DENIED**.

8                    **C.**      **Request No. 97**

9        This dispute centers on plaintiff's dissatisfaction with the Redaction Log provided by defendant

10   Beam.  Specifically, plaintiff takes issue with the content defendant has chosen to redact as well as the

11   timeliness and completeness of the Redaction Log defendant has produced. [Doc. No. 54]  Defendant

12   contends that on December 10, 2012, it provided plaintiff with a Redaction Log covering all redactions

13   in documents that defendant produced as of the same date. [Doc. No. 44, pp. 33-34]  The next day,

14   hours before the December 11, 2012 Joint Motion for Determination of Discovery Dispute was filed,

15   plaintiff apparently inserted in the Joint Motion new arguments regarding the Log.

16        Under Judge Crawford's Chambers' Rules, before submitting a Joint Motion for Determination

17   of Discovery Dispute, "Counsel must meet and confer on all issues **before** contacting the Court."

18   Crawford Chamber Rule V.(B.)(emphasis in the original).  Further, parties must give each other a

19   "reasonable opportunity" to participate in the Joint Motion.  Crawford Rule V.(D.).  Under the

20   applicable rule, a "reasonable opportunity to participate" is defined as 5 business days. *Id.*  Here, the

21   parties have not adequately met and conferred on the issue of the Redaction Log.  Rather, plaintiff

22   received defendant's Log on December 10, 2012 and included arguments in the December 11, 2012

23   Joint Motion regarding the Log's perceived flaws.  As such, this issue is not yet ripe for motion.

24   Accordingly, plaintiff's request for an Order compelling additional responses by defendant to Request

25   No. 97 is **DENIED without prejudice**.  The parties are **ORDERED** to meet and confer on this issue.

26   / / /

27   / / /

28

1

#### D.    Request No. 103

2   Plaintiff's Request No. 103 seeks "All DOCUMENTS regarding Whole Foods Market, Inc."

3  [Doc. No. 54] Plaintiff argues the request is relevant because "it is believed that Whole Foods, Inc.

4  pulled the product from its shelves based upon the ingredients in the product." *Id*. While the parties

5  have met and conferred on this issue, defendant's objection to this request on overbreadth remains.

6  *Id*. Defendant argues that plaintiff's Request Nos. 104 and 105 already "fully address the subject" by

7  calling for production of documents regarding "Whole Foods' decision to remove Skinny Girl

8  Margarita Product from its stores." *Id*. The Court finds that Request No. 103 is unreasonably broad

9  and any attempt by the parties to narrow its scope would be futile, as Request Nos. 104-105 already

10  call for the production of Whole Foods documents which may have relevance in this case. Therefore,

11  plaintiff's request for an Order compelling additional responses by defendant to Request No. 103 is

12  **DENIED**.

13  ### III.    Joint Motion to Continue Class Certification Motion Discovery Cut-Off

14   On December 7, 2012, the parties filed a Joint Motion to Continue Class Certification Motion

15  Discovery Cut-Off by one day, from December 10, 2012 to December 11, 2012. [Doc. No. 53] The

16  Court was not able to rule on this Joint Motion before the deadline passed. Notwithstanding, the Joint

17  Motion [Doc. No. 53] is **GRANTED**, *ex post facto*.

18  ### IV.    Ex Parte Motion to Continue Deadline to File Motion for Class Certification

19   On December 21, 2012, plaintiff filed an Ex Parte Motion to Continue Plaintiff's Deadline to

20  File Motion for Class Certification Until 60 Days After Beam Global's Motion for Summary Judgment

21  is Determined. [Doc. No. 55] While the Motion was improperly presented in an *ex parte* format,

22  counsel for defendant stipulated to the continuance via e-mail. [Doc. No. 55, Declaration of Rosa E.

23  Shelton, Exh. A, ¶ 2] The parties represent that it would be a waste of party and Court resources to

24  file and hear the Motion for Class Certification prior to a ruling on defendant Beam's Motion for

25  Summary Judgment. [Doc. No. 50] District Judge Cathy Ann Bencivengo is currently set to hear the

26  Motion for Summary Judgment on February 19, 2013.

27

28

As per the First Amended Scheduling Order [Doc. No. 45], the current deadline for filing Class Certification Motion is January 14, 2013.  Good cause appearing, the Court **VACATES** the deadline and will re-set the deadline for filing a Certification Motion until after a decision is rendered on defendant Beam's Motion for Summary Judgment.  Counsel for defendant Beam is **ORDERED** to contact the Chambers of Magistrate Judge Karen S. Crawford within 3 business days of a ruling on defendant's Motion for Summary Judgment so that a new date can be set.  All other dates contained in the First Amended Scheduling Order [Doc. No. 44] will remain in place.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1.      With respect to the parties' first Joint Motion for Determination of Dispute, as stated in greater detail above, defendant's request for an Order compelling plaintiff to provide more complete responses to Document Request Nos. 3, 4, 6, 7, 8, 9, 11, 12, 14, 15, 18, 19, and 21 [Doc. No. 46] is **GRANTED.**  With respect to Request No. 10, defendant's request for additional responses from plaintiff is **DENIED.**

2.      With respect to the parties' second Joint Motion for Determination of Dispute, plaintiff's request for an Order compelling defendant to provide more complete responses [Doc. No. 54] is **DENIED**.

3.      The Joint Motion to Continue Class Certification Motion Discovery Cut-Off [Doc. No. 53] and the Ex Parte Motion to Continue Plaintiff's Deadline to File Motion for Class Certification [Doc. No. 55] are both **GRANTED**.  The January 14, 2013 date for filing a Motion for Class Certification is vacated.

**IT IS SO ORDERED**.

Date: January _17_____, 2013

KAREN S. CRAWFORD
United States Magistrate Judge