1  **THE LAW OFFICES OF GEORGE RIKOS**
      George Rikos (SBN 204864)
2      Rosa Shelton (SBN 283182)
   1307 Stratford Court
3  Del Mar, Ca 92014
   Telephone: (858) 342-9161
4  Facsimile:  (858) 724-1453
   Email: George@georgerikoslaw.com
5
   **NICHOLAS & BUTLER, LLP**
6      Craig M. Nicholas (SBN 178444)
      Alex M. Tomasevic (SBN 245598)
7  225 Broadway, 19th Floor
   San Diego, California 92101
8  Telephone:   (619) 325-0492
   Facsimile:    (619) 325-0496
9  Email: cnicholas@nblaw.org
   Email: atomasevic@nblaw.org
10         Attorneys for Plaintiff Renata Bonar

11
                **UNITED STATES DISTRICT COURT**
12
                **SOUTHERN DISTRICT OF CALIFORNIA**
13

14  RENATA BONAR, an individual; on behalf      )  CASE NO.:    11-cv-02058-CAB-KSC
    of himself and all others similarly situated,  )
15  and on behalf of the general public,          )  **DECLARATION OF ROSA E.**
                                                  )  **SHELTON IN SUPPORT OF** *EX*
16                      Plaintiffs,               )  *PARTE* **APPLICATION FOR**
                                                  )  **CONTINUANCE OF DEFENDANT'S**
17  vs.                                           )  **MOTION FOR SUMMARY**
                                                  )  **JUDGMENT**
18  BEAM GLOBAL SPIRITS & WINE, INC.,            )
    and DOES 1-25, Inclusive,                     )
19                                                )
                      Defendants.                 )
20                                                )
                                                  )
21                                                )
                                                  )
22                                                )
                                                  )
23                                                )
                                                  )
24  _____       )

25

26

27

28

──────────────────────────────────────────
                DECLARATION OF ROSA E. SHELTON
                                          11-cv-02058-CAB-KSC

I, Rosa E. Shelton, hereby declare as follows:

1.      I am an attorney licensed to practice law in California and before the United States District Court of the Southern District of California. I am an associate in this matter and counsel for Plaintiff Renata Bonar.  I have personal knowledge of the matters stated herein, and if called and sworn as a witness, I could and would competently testify thereto.

2.      Plaintiff Renata Bonar applies *ex parte* for a continuance of Defendant Beam Global Spirits & Wine, Inc. ("Beam Global") motion for summary judgment. Beam Global has stated it would oppose any such request to continue the hearing on the motion for summary judgment.  Attached hereto as **Exhibit A** are true and correct copies of correspondence giving notice of Ms. Bonar's intent to continue the motion for summary judgment.

3.      There is good cause to grant this continuance. Beam Global has filed a motion for summary judgment based upon standing and its claims that it does not have successor liability. While Beam Global has masked their motion for summary judgment as a simple issue by pointing solely to its own agreement that it did not assume its predecessor's liabilities, the issues are actually much more complex.   Discovery related to the sale and purchase of the Skinnygirl products, how much was paid for the product, what benefits the seller is still receiving, and the intent of Beam Global to capitalize on the good will of the product and its creator, are all necessary for Ms. Bonar to oppose the motion.  Defendant refuses to disclose this information. Ms. Bonar therefore requests the motion for summary judgment be continued until such time that the discovery issues are resolved or deny the motion for summary judgment without prejudice.

4.      Ms. Bonar filed the Complaint on September 6, 2011.  Beam Global filed an Answer on February 13, 2012.  The parties have diligently conducted discovery since that time. On November 29, 2012, Beam Global filed a motion for summary judgment based upon an alleged lack of standing on the part of Ms. Bonar.  (Doc. No. 50.)  Beam, in short, claims that its predecessor entity actually owned the product at issue in this litigation, not Beam, and that Beam, despite now owing the offending product, cannot be held liable.

5.      Beam Global based its entire motion for summary judgment on the heavily redacted "Asset Purchase Agreement."  In order to obtain more information in an effort to oppose

the motion for summary judgment, Ms. Bonar served discovery related to the sale and purchase of the product at issue by Beam Global, to flesh out the true details of the transaction. The deadline for Beam to produce documents was January 22, 2013.

6.      On January 22, 2013, Beam Global served responses to document requests, but did *not* produce any documents. Beam also objected to many of the requests. After counsel for Ms. Bonar inquired as to the status of the tardy document production, Beam Global stated that it would use its "best efforts" to produce the documents. Ms. Bonar sent additional correspondence requesting the documents as soon as possible, and pointed out that she was unable to meet and confer regarding Beam Global's objections until the documents were produced to determine exactly what Beam Global was withholding. Plaintiff's counsel was unable to determine if the deposition of Beam Global's 30(b)(6) was necessary until after receipt of the documents.

7.      On January 26, 2013, Beam Global produced documents. The documents only consisted of a still incomplete (and still redacted) version of the "Asset Purchase Agreement," along with corresponding schedules which should have been produced and attached to the Asset Purchase Agreement when it was originally served (additional attachments to the Asset Purchase Agreement have, as Beam admits, still not been produced.) No other documents were produced in connection with the 28 requests Ms. Bonar served all aimed at flushing out the issues related to Beam Global's motion for summary judgment. The documents were served via an online electronic database, and Ms. Bonar's counsel was unable to properly view the documents until January 28, 2013.

8.      On January 28, 2013, counsel for both parties attended an in-person meet and confer regarding the documents at issue. At the meet and confer, counsel for Ms. Bonar advised opposing counsel of the need for the discovery as it relates to the motion for summary judgment in order for Ms. Bonar to determine whether the transaction between Beam and its predecessor was simply an asset purchase (which might support Defendant's pending motion for summary judgment) or was really, in substance, a de facto merger with the predecessor (which would undercut Defendant's motion and argument that it has no liability). Counsel for Beam Global unilaterally rejected, without any real analysis, the notion that there could be a de factor merger,

and concluded that all of the documents related whether or not Beam Global retained successor liability were in the Asset Purchase Agreement.  Counsel for Ms. Bonar advised that the Court can and will consider other documents and evidence not found in the Asset Purchase Agreement and gave a case cite to case law for Beam Global to review.

9.      Furthermore, Ms. Bonar is unable to take the deposition of Beam Global's 30(b)(6) on this topic – which will require travel to Chicago  -  without the necessary documents and it appears  that the Parties are currently at an impasse on the discovery related to the motion for summary judgment.   Attached hereto as **Exhibits B and C** are true and correct copies of correspondence between myself and Counsel for Beam Global regarding this issue.

10.     Here, Beam Global has redacted information relating to the purchase price of the products, which could include whether any of the predecessors received stock options in Beam Global.   This is important because it could point to continuity of ownership of the product between the predecessor companies and/or individuals and Beam Global.   Additionally, Beam Global redacted from the Asset Purchase Agreement and refused to respond to discovery requests seeking indemnity agreements, which are relevant to show the sharing of liability of the parties involved.  Beam Global also refused to produce any communications related to the Asset Purchase Agreement or any due diligence which would tend to show the intent of Beam Global to purchase the good will of the company, which is another factor the Court can look to in determining whether successor liability should be imposed. In short, Beam Global injected all of these issues into this case, and now refuses to divulge any further information which would allow the Court and Ms. Bonar to effectively evaluate its claims, and asks the Court to rush to summary judgment on an incomplete record.  Without this discovery, neither Ms. Bonar nor the Court can adequately address the issues that Beam put forward in its pending motion for summary judgment.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States of America. Signed on the 31st day of January 2013 at San Diego, California.

Respectfully submitted,

s/ Rosa Shelton

# EXHIBIT A

---------- Forwarded message ----------
From: **Warren, Stefanie** <SWarren@mckennalong.com>
Date: Fri, Jan 25, 2013 at 8:04 PM
Subject: RE: Bonar v. Beam Global
To: Rosa Shelton <rosa@georgerikoslaw.com>
Cc: "Samalin, Michael" <MSamalin@chadbourne.com>, George Rikos <george@georgerikoslaw.com>, Alex
Tomasevic <atomasevic@nblaw.org>, "Healey, Chris" <chealey@mckennalong.com>

Hi Rosa,

As I stated in my earlier email, Beam is working to get you the documents requested. We expect to
have documents available for you to download via FTP tomorrow afternoon and will send you an
email with instructions. Furthermore, you demanded that Beam meet and confer this week. We
responded to your demand by offering our availability. Please confirm that Plaintiff does not intend to
meet and confer on Monday.

As to your last statement, Beam will oppose your FRCP 56(d) Motion.

Thanks, Stefanie


**From:** Rosa Shelton [mailto:rosa@georgerikoslaw.com]
**Sent:** Friday, January 25, 2013 4:46 PM
**To:** Warren, Stefanie
**Cc:** Samalin, Michael; George Rikos; Alex Tomasevic; Healey, Chris
**Subject:** Re: Bonar v. Beam Global

Stefanie,

We still have not received documents responsive to Ms. Bonar's request for production of documents, set
three. Beam Global put these very document requests at issue and is now attempting to block Ms. Bonar from
discovery she is entitled to. We cannot evaluate whether or not the deposition needs to go forward until we
receive all responsive documents, including an un-redacted version of the Asset Purchase Agreement. Further,
Beam Global has not responded to our request to move the hearing for the motion for summary judgment,
which would allow the parties to adequately meet and confer regarding the discovery if Beam Global insists on
refusing to produce responsive documents.   It is impossible to hold an in-person meet and confer regarding
documents that we have not received and had an opportunity to evaluate, and which Beam Global may or may
not produce.  Please provide a definitive date and time when we can expect to receive the documents responsive
to the requests. Additionally, we will be moving to continue the motion or have it denied pursuant to Rule

56(d).

Regards,

Rosa Shelton

On Thu, Jan 24, 2013 at 2:50 PM, Warren, Stefanie <SWarren@mckennalong.com> wrote:

Hi Rosa:

Beam is available to meet and confer on Monday (January 28). After 1 pm is best for us, if that works for all of you. Please let me know and I will reserve a conference room at my office. In the meantime, Beam is making best efforts to produce (by electronic means) documents responsive to Plaintiff's third request for production.

Following up on Sue St. Denis's letter from January 23, will Ms. Bonar be able to provide the documents that the Court ordered her to produce by February 1?

Finally, please confirm Plaintiff's intention to take Beam's 30(b)(6) deposition in Chicago on January 31, 2013.

Thanks, Stefanie

**Stefanie Warren | Associate**
**McKenna Long & Aldridge LLP**
600 West Broadway, Suite 2600 | San Diego, CA 92101-3372
Tel: **619.533.7378** | Fax: **619.645.5398** | swarren@mckennalong.com

*Effective March 6, 2012, Luce Forward merged with McKenna Long & Aldridge LLP*

---

**From:** Rosa Shelton [mailto:rosa@georgerikoslaw.com]
**Sent:** Thursday, January 24, 2013 9:23 AM
**To:** Warren, Stefanie; Samalin, Michael
**Cc:** George Rikos; Alex Tomasevic
**Subject:** Bonar v. Beam Global

Hi Stefanie,

Attached please find correspondence regarding Beam's responses to requests for production, set three.

Regards,
--
Rosa Shelton
Law Offices of George Rikos
1307 Stratford Court
Del Mar, CA 92014
p (858) 342-9161
f (858) 724-1453

email: Rosa@georgerikoslaw.com

NOTICE: This e-mail and any attachments contain information from the law offices of George Rikos, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than and intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, please notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

--
Rosa Shelton
Law Offices of George Rikos
1307 Stratford Court
Del Mar, CA 92014
p (858) 342-9161
f  (858) 724-1453
email: Rosa@georgerikoslaw.com

NOTICE: This e-mail and any attachments contain information from the law offices of George Rikos, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than and intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, please notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

--
Rosa Shelton
Law Offices of George Rikos
1307 Stratford Court
Del Mar, CA 92014
p (858) 342-9161
f  (858) 724-1453
email: Rosa@georgerikoslaw.com

NOTICE: This e-mail and any attachments contain information from the law offices of George Rikos, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than and intended recipient is strictly prohibited. If you are not a named recipient, you are

# EXHIBIT B

CHADBOURNE
& PARKE LLP

350 South Grand Avenue, 32nd Floor, Los Angeles, CA 90071
tel (213) 892 1000 fax (213) 892 2045

**Susan St. Denis**
**direct tel** (213) 892-2113

January 30, 2013

Rosa Shelton, Esq.                           Alex M. Tomasevic, Esq.
The Law Offices of George Rikos              Nicholas & Butler, LLP
1307 Stratford Court                         225 Broadway, 19th Floor
Del Mar, CA 92104                            San Diego, CA 92101

Re: Renata Bonar v. Beam Global Spirits & Wine LLC

Dear Rosa:

I write to memorialize our "meet and confer" on Monday and correct certain misstatements in your January 28, 2012 email regarding that meeting.

At the "meet and confer," you began by stating your position that Plaintiff was entitled to discovery that might show the acquisition by Beam of the Skinnygirl Margarita brand was a 'de facto merger' -- a "theory" raised by you for the first time on Monday. Beam's response was that no such theory applies here, but that in any event the Asset Purchase Agreement and associated documents that Beam has produced address and are the best evidence of the terms and conditions of the March 2011 acquisition, and moreover, that Plaintiff's document requests, which seek production of every document "related" or "referring" to the 2011 acquisition, are overbroad and unduly burdensome and go far beyond the 'terms' of the acquisition.

We asked for specific examples of documents you were seeking. You responded that you were interested in documents showing whether goodwill, trademarks, or customer lists were acquired, whether Bethenny Frankel had stock options, whether there was "continuity of ownership," and whether the sellers continued to do business. We pointed out that the Asset Purchase Agreement addresses many of these issues and that Beam would be unlikely to have documents addressing others. You nevertheless argued that Beam should be required to search for and produce *all* documents "associated with the transaction" (Request 106), including pre-acquisition communications between Beam and Bethenny Frankel, as well as all due diligence documents (Request 107). When asked to explain the relevance of *all* such documents, you stated they could possibly show "intent," including whether Beam "intended to absorb the whole company." We disagreed that such 'intent' documents, even if they existed, are relevant to the issues in this case (including your new theory), and again pointed out the overbreadth and undue burden of the Requests. We specifically asked you to limit Request numbers 106 and 107. You stated that you would not do so and that there was "no point" in discussing the rest of the Requests.



CHADBOURNE
    & PARKE LLP

                                          -2-                            January 30, 2013

        Additionally, several times throughout the meet and confer, you asked us to agree with
a statement that Beam was "not willing" to produce additional documents in response to the
Requests. We did not agree, but asked for reasonable limits. We also asked you to describe
the specific documents you were seeking, but you refused to do so. As you know, Beam has
fully cooperated in discovery in this case: in the past year-and-a-half, Beam has responded to
Plaintiff's 130 document requests and 25 interrogatories and has produced nearly fifty
thousand of pages of documents to Plaintiff.

        Finally, we reiterated that pursuant to Plaintiff's deposition notice, Beam was ready
and willing to produce on Thursday, January 31, 2013, a 30(b)(6) witness to testify regarding
acquisition and transaction issues, and pointed out that many of your questions could be
addressed to that witness. However, after apparently conferring privately with your
colleagues, you told us that Plaintiff would not depose Beam's 30(b)(6) witness until you had
"all" of the documents. (You confirmed that position in an email.) Given the timing and
scope of Plaintiff's document requests and your 30(b)(6) deposition notice (which originally
noticed the deposition for January 28 -- just two business days after Beam's written responses
to the Requests were due), it appears that Plaintiff was not serious about deposing Beam's
witness, but instead was attempting to manufacture a discovery dispute in order to delay
summary judgment.

        If you want to discuss this matter further or have changed your mind about limiting the
document requests, please let me know. Per your request, we will produce a redaction log.

                                          Very truly yours,

                                          Susan St. Denis/em

                                          Susan St. Denis

VIA U.S. MAIL & EMAIL

cc:    Christopher J. Healy, Esq.
       Stephanie Warren, Esq.

CPAM: 5263766.4

# EXHIBIT C

# LAW OFFICES OF GEORGE RIKOS

1307 Stratford Court • Del Mar, CA 92014 • TEL: (858) 342-9161 • FAX: (858) 724-1453

January 31, 2013

Christopher J. Healey
Stefanie Warren
McKENNA LONG & ALDRIDGE, LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372

> Re:   ***Bonar v. Beam Global***

Dear Counsel,

This letter is in response to Ms. St. Denis' letter of January 30, 2012. Ms. St. Denis' letter is full of mischaracterizations regarding the meet and confer which occurred on January 28, 2012.

On January 28, 2013, I attended the in-person meet and confer on behalf of Ms. Bonar to discuss deficiencies in Beam Global's responses to requests for production of documents and production thereto. Ms. St. Denis, Mr. Samalin and Ms. Warren were present on the call on behalf of Beam Global. At the meet and confer, I continually advised all counsel for Beam Global of the need for the discovery as it relates to the motion for summary judgment in order for Ms. Bonar to determine whether a de facto merger had occurred at the time Beam Global purchased the line of products at issue. Beam Global unilaterally rejected the notion that there could be a de factor merger, and stated that all of the documents related to the acquisition and which showed that Beam Global did not retain successor liability were in the Asset Purchase Agreement. I repeatedly advised that the Court can and will consider other documents and evidence not found in the Asset Purchase Agreement and gave a case law toBeam Global for their consideration. Beam Global requested that every single document request be limited, yet as we attempted to go through the documents one by one, Mr. Samalin's only assertion was that he could not possibly see how any other document other than the Asset Purchase Agreement could be relevant. Moreover, Beam Global continues to redact documents based upon its one-sided notion of what is "relevant" and has done so again here with the Asset Purchase Agreement. This redaction would even include the indemnity portion of the Asset Purchase Agreement.

Ms. Bonar served the document requests so that they would be due before the deposition of Beam Global's 30(b)(6) related to these issues with the intention of reviewing and analyzing the documents prior to the deposition. While Beam Global still offered to produce the 30(b)(6) individual with respect to these topics, the date was picked solely by Beam without Ms. Bonar being afforded an opportunity to review the necessary documents. As I stated earlier, Ms. Bonar only served the documents after the motion for summary judgment. The Requests were directly related to the issues created by Beam Global's claim regarding successor liability. My follow-up

Christopher Healey
Stefanie Warran
January 31, 2013
Re: Bonar v. Beam Global
Discovery Meet and Confer
Page 2

email to the in person meet and confer on January 28, 2013 stated that Ms. Bonar was unable to take the deposition of Beam Global's 30(b)(6) without the responsive documents. The only "manufacturing of a discovery dispute" has been caused by Beam Global in its refusal to produce documents which are relevant to Beam Global's claim that it is not liable, while at the same time attempting to force Ms. Bonar to take the deposition of Beam Global's 30(b)(6) without the documents at issue in its effort to block discovery and sabotage Ms. Bonar's ability to oppose the Motion for Summary Judgment.

Sincerely,

s/Rosa Shelton

Rosa Shelton