DONALD I STRAUBER (Adm. Pro Hac Vice)
dstrauber@chadbourne.com
MARY T. YELENICK (Adm. Pro Hac Vice)
myelenick@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone:	(212) 408-5100
Facsimile:	(212) 541-5369

ROBIN D. BALL (State Bar No. 159698)
rball@chadbourne.com
SUSAN M. ST. DENIS (State Bar No. 149636)
sst.denis@chadbourne.com
CHADBOURNE & PARKE LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, CA  90071
Telephone:	(213) 892-1000
Facsimile:	(213) 892-2045

CHRISTOPHER J. HEALEY (State Bar No. 105798)
chealey@mckennalong.com
STEFANIE WARREN (State Bar No. 244038)
swarren@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone :	(619) 236-1414
Facsimile:	(619) 645-5328

Attorneys for Defendant BEAM GLOBAL SPIRITS & WINE LLC

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renata Bonar, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., and DOES 1-25, Inclusive,<br><br>Defendants. | Case No. 11-cv-02058 CAB (KSC)<br><br>The Hon. Cathy Ann Bencivengo<br><br>**DEFENDANT BEAM'S OPPOSITION TO PLAINTIFF RENATA BONAR'S *EX PARTE* APPLICATION TO DELAY SUMMARY JUDGMENT**<br><br>[Filed concurrently with the Declaration of Susan St. Denis In Support] |

Defendant Beam Global Spirits & Wine, Inc., ("Beam") respectfully submits its opposition to Plaintiff Renata Bonar's ("Plaintiff" or "Ms. Bonar") ex parte application ("Ex Parte") seeking to delay summary judgment.

## Summary of Argument

Plaintiff's Complaint, filed September 6, 2011, alleges that she purchased "Skinnygirl Margarita" in reliance on "all natural" claims by Beam. In October, 2012, Beam deposed Ms. Bonar and learned that her purchases of "Skinnygirl Margarita" were made well before Beam acquired the brand, which as Plaintiff's Complaint acknowledges, was in March 2011. Plaintiff apparently filed her Complaint without conducting the required due diligence: she never had a claim against Beam.

On November 29, 2012, Beam filed its summary judgment motion on the simple ground that Ms. Bonar cannot establish the elements of her claims because she never purchased Beam's product. Doc. No. 50. In a last-ditch attempt to prolong this litigation, on February 1, 2013 (only two court days before her opposition was due), Plaintiff filed her Ex Parte request to postpone summary judgment, asking the Court to give her more time to "explore" Beam's files in search of anything that might suggest a theory that might help her avoid summary judgment.

Plaintiff's Ex Parte request should be denied for three independent reasons. First, it is an improper attempt to avoid satisfying Federal Rule of Civil Procedure 56(d). Second, even if the Ex Parte were considered a Rule 56(d) Motion, it does not satisfy Rule 56(d)'s strict requirements. Among other things, Plaintiff has not shown (and cannot show) that the discovery sought will change the outcome of summary judgment because she did not plead the de facto merger theory, and she provides no valid legal or factual basis for its application here. Third, Plaintiff has *not* been diligent: she waited until the eve of summary judgment—more than 17 months after filing her Complaint to seek the discovery. Plaintiff tries to justify her delay by claiming that Beam "put the SkinnyGirl 'asset Purchase' at issue" when it moved for summary judgment. Doc. No. 58, p. 6 of 7. Plaintiff's claim is hard to take seriously: the record is clear that Plaintiff sued Beam for a product that she knew (or should have known) Beam did not manufacture, market, or sell. *Before* suing Beam, Plaintiff's counsel had a Rule 11 obligation to

investigate the factual basis of Plaintiff's claims.[1] Plaintiff's counsels' apparent failure to conduct basic due diligence has forced Beam to spend a year-and-a-half defending itself against Ms. Bonar's meritless claims. Even after Beam filed its summary judgment motion, Plaintiff still waited until late December 2012 to serve the incredibly overbroad and burdensome discovery relating to the March 2011 transaction she now claims is crucial to her case. St. Denis Decl., ¶ 2. Plaintiff's request for a continuance should be denied.

**Factual Background**

On September 6, 2011, Ms. Bonar sued Beam, alleging consumer and breach of warranty claims based on her alleged purchase of "Skinnygirl Margarita." Doc. No. 1. Plaintiff alleged that she "was exposed to and relied on Beam's claims by reading the 'Skinnygirl' label, purchased 'Skinnygirl' brand spirits in reliance on these claims, and suffered injury in fact and lost money as a result . . . ." Doc. No. 1, ¶ 7. The Complaint did not specify the dates of Plaintiff's purchase(s). Beam did not acquire the "Skinnygirl Margarita" brand until March 2011, a fact Plaintiff acknowledged in her Complaint. *Id*., ¶ 10. Beam answered the Complaint, denying liability and asserting affirmative defenses including lack of standing, lack of privity, and failure to state a claim. Doc. No. 18.

In October 2011, Plaintiff joined with other plaintiffs who were alleging "Skinnygirl Margarita" class claims against various defendants, including Skinny Girl Cocktails LLC, now SGC Global LLC, and Bethenny Frankel (prior owners of "Skinnygirl Margarita"), in an unsuccessful attempt to transfer all of the cases to an MDL proceeding. *See* Doc. Nos. 4-17. Plaintiff expressly "agreed with the Schedule of Actions" (St. Denis Decl., Ex. B) which included SGC Global LLC and others as defendants (Doc. No. 4-2, p. 1 of 2), and also joined the Motion for Transfer, which explained that "[t]he discrepancy in defendants [between the cases] may be due to the relatively recent sale of Skinny Girl Margarita to Beam." Doc. No. 13, p. 7 or 21, n. 2.

---

[1] *See Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) (Rule 11 sanctions are appropriate against attorney who failed to perform even minimal due diligence before filing complaint); *Truesdell v. S.Cal. Permanente Medical Group*, 209 F.R.D. 169, 173-74 (C.D. Cal. 2002) (when counsel could have easily determined claims were baseless, Rule 11 sanctions were appropriate).

On May 22, 2012, Beam served its Rule 26 Initial Disclosures and identified Steve Fechheimer as a witness with knowledge "about the purchase of the "Skinnygirl Margarita" trademark and certain related assets." St. Denis Decl., ¶ 5.

On October 10, 2012, Beam deposed Ms. Bonar. She testified that she last bought "Skinnygirl Margarita" in January 2011 (several months before Beam acquired the brand). Doc. No. 50. After receiving Plaintiff's signed transcript, Beam filed for summary judgment on November 29, 2012, with hearing set for February 19, 2013, and Plaintiff's opposition due February 5, 2013. *Id.*

Almost a month later, on December 21, 2012, Plaintiff served document requests, broadly seeking production of "all documents relating" to Beam's 2011 acquisition of "Skinnygirl Margarita," among other things. St. Denis Decl., ¶ 2.[2] On January 22, 2013, Beam responded with appropriate objections and on January 26, 2013, electronically produced responsive documents, in accordance with Plaintiff's request, including another copy of the Asset Purchase Agreement ("APA") (redacted to omit only highly-sensitive payment-related information, indemnity information, and limited information implicating privacy rights of third parties), related agreements and a schedule of assignments. St. Denis Decl., ¶ 3.

On December 31, 2012, Plaintiff served a notice for the deposition of a Beam 30(b)(6) witness to testify on January 28, 2012, regarding the March 2011 acquisition. St. Denis Decl., ¶ 7. Beam promptly offered to produce a witness for deposition on January 31, 2013. *Id*. On January 28, 2013, however, Plaintiff unilaterally cancelled the deposition, claiming she was unable to depose Beam's witness without all "necessary documents." However, Plaintiff failed to explain what those documents are. *Id.*; Doc. No. 58, p. 5 of 7. At the January 28, 2013 "meet and confer" regarding Plaintiff's document requests, Plaintiff's counsel for the first time raised with Beam the "de factor merger" doctrine. St. Denis Decl., ¶ 3.

///

///

---

[2] On January 10, 2013, Plaintiff moved to amend her complaint to name additional defendants and add a plaintiff. Doc. No. 56. (The last day to amend was July 9, 2012. Doc. No. 40.)

- 3 -
DEFENDANT BEAM'S OPPOSITION TO PLAINTIFF RENATA BONAR'S *EX PARTE* APPLICATION
11-CV-02058 CAB (KSC)

Pursuant to the First Amended Scheduling Order, class discovery ended November 12, 2012, the fact discovery cut-off is February 11, 2013, and expert designations are due March 11, 2013.  Doc. No. 45.

## Argument

### A. The Ex Parte is a Procedurally Improper Attempt to Avoid the Strict Requirements of Federal Rule of Civil Procedure 56(d)

The Ex Parte is improper because there is a specific procedural rule—Federal Rule of Civil Procedure 56(d)—that controls how a party may request more time to conduct discovery to oppose summary judgment.  Plaintiff cannot avoid Rule 56(d)'s strict requirements by seeking the same relief through an ex parte application, filed two court days before her opposition is due.  *See, e.g., In re Cardtronics ATM Fee Notice Litig.*, 874 F. Supp. 2d 916, 927 (S.D. Cal. 2012) ("Plaintiffs must make a motion under Rule 56(d) for a continuance and for leave to conduct additional discovery . . . .  'References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f) [now 56(d)]. Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery.  Failure to comply with the requirements of Rule 56(f) [56(d)] is a proper ground for denying discovery and proceeding to summary judgment.'") (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986)).  The Ex Parte should be denied on this basis alone.

### B. The Ex Parte Should Be Denied Because Plaintiff Does Not Satisfy the Strict Requirements of Rule 56(d)

Even if viewed as Rule 56(d) motion, the Ex Parte should be denied.  Rule 56(d) is not intended to delay judgment simply because the Plaintiff would like to conduct more discovery.

To delay judgment under Rule 56(d), Ms. Bonar was required to show by sworn declaration each of the following: (1) the *specific facts* she seeks to obtain from further discovery; (2) that those specific facts actually *exist*; and (3) that the specific facts are *essential* to oppose summary judgment, *i.e.* why those facts would preclude summary judgment.  *See Family Home & Fin. Center, Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *Cal. ex rel Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998));

*see also Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (the party requesting a continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment"); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1990) (a party seeking more time under Rule 56(d) bears the burden of demonstrating that the evidence sought actually exists).

Ms. Bonar has not satisfied any of Rule 56(d)'s requirements. She does not identify the specific facts she seeks; she does not show that the sought-after facts exist; and she does not show how any facts would affect the outcome, especially given the facts established in Beam's summary judgment papers.

Plaintiff asks for more time to search for defenses to Beam's summary judgment motion, and vaguely suggests a "de facto merger" theory, a theory she never pled[3] and first raised in a meet and confer with Beam's counsel on January 28, 2013. Doc. No. 58, p. 4 of 7; St. Denis Decl., ¶ 3. Plaintiff, however, provides no basis in fact or law to support the application of that theory here. The cases *Wensing v. Paris Industries-New York*, 158 A.D.2d 164 (N.Y. App. Div. 3rd Dept. 1990), and *Sweatland v. Park Corporation*, 181 A.D.2d 243 (N.Y. App. Div. 4th Dept. 1992), cited by Plaintiff, are inapplicable, as they are New York[4] strict product liability cases. *See Cargo Partners AG v. Albatrans Inc.*, 207 F.Supp.2d 86, 107, 108 (S.D.N.Y. 2002) (surveying New York de facto merger law and limiting *Wensing* and *Sweatland* to their strict

---

[3]Successor liability must be pled, but Plaintiff failed to do so. Doc. No. 1. *See e.g., Maine State Retirement Sys. v. Countrywide Fin. Corp.*, 2011 WL 1765509, at *2 (C.D. Cal. Apr. 20, 2011) (dismissing defendants from case where the complaint failed "to adequately allege *de facto* merger under Delaware law"); *Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 114 (S.D.N.Y. 2002) (dismissing count because it "fail[ed] to allege a basis for successor liability under any of the four exceptions to the general rule of non-liability,[and therefore] it fail[ed] to state a claim on which relief can be granted.")

[4] Plaintiff assumes that New York law applies to her de facto merger theory because of the New York choice-of-law provision in the Asset Purchase Agreement. Doc. No. 58 p. 4 of 7, n. 1. Although there is no reason for the Court to reach the choice-of-law question, the appropriate choice is Delaware, the jurisdiction where all of the relevant entities were formed. *See Maine State Retirement Sys. v. Countrywide Fin. Corp.*, 2011 WL 1765509, at *2 (C.D. Cal. Apr. 20, 2011) (under a California choice-of-law analysis, de facto merger questions are determined by the law of the place of incorporation.) Under Delaware law, an "intent to defraud" creditors is necessary to show a de facto merger. *See id.* at *3. Plaintiff did not plead an intent to defraud.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

products liability context). The case *Grant-Howard Assoc. v. General Housewares Corp.*, 63 N.Y.2d 291 (1984), also cited by Plaintiff, stands for the proposition that indemnification and successor liability are distinct concepts. The case mentions "de facto merger" only in dicta. *See Cargo Partner,* 207 F. Supp. 2d at 107-8 (discussing *Grant-Howard*). Because Plaintiff did not (and could not) plead any theory of successor liability, or any claim brought in strict products liability, discovery into the de facto merger theory would not preclude summary judgment. *See Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (Rule 56(d) motion properly denied where plaintiff did not show the information sought would preclude summary judgment).

Similarly, Plaintiff's general plea for more time to "*explore* defenses to Beam's motion for summary judgment" (Doc. No. 58, p. 4 of 7) also fails to meet Rule 56(d)'s requirements. Speculation that a legal theory *might* apply is not a sufficient ground to postpone summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (56(d) motion was properly denied where request for further discovery was based on "wild speculation").

Plaintiff claims to need more time to conduct discovery regarding indemnity agreements and stock options. Doc. No. 58, p. 5 of 7. As to indemnity agreements, Plaintiff argues they could be "relevant to show the sharing of liability." *Id.* Plaintiff is wrong: indemnity obligations are not relevant to successor liability. See *Grant-Howard,* 63 N.Y.2d at 296 ("plaintiff's argument fails as it commences with a faulty premise: that the doctrine of successor corporations is related to theories of indemnification"). As to the stock options, Plaintiff argues that *if* the sellers of "Skinnygirl Margarita" received stock options in Beam, that "*could* point to continuity of ownership" between the sellers and Beam. Doc. No. 58, p. 5 of 7. Beam is the wholly-owned subsidiary of a publicly traded company, Beam Inc., and Plaintiff provides no foundation for how her "stock option" theory could work. Unsupported speculation does not satisfy Rule 56(d). *See Margolis,* 140 F.3d at 853.

Finally, Plaintiff wants more time to find out whether Beam intended to purchase "good will." Doc. No. 58, p. 5 of 7. This argument is particularly specious because Plaintiff already has this information. "All goodwill" is an "Included Asset" purchased by Beam, as shown in Section 2.01(j) of the APA, produced to Plaintiff and cited in Beam's summary judgment motion. Doc.

- 6 -
DEFENDANT BEAM'S OPPOSITION TO PLAINTIFF RENATA BONAR'S *EX PARTE* APPLICATION
11-CV-02058 CAB (KSC)

1   No. 50-2, Ex. A. p. 9.  *See Stitt v. Hutcherson*, 919 F.2d 516, 526-27 (9th Cir. 1990) (Rule 56(d)
2   motion properly denied where plaintiff already had documents she claimed were necessary to
3   oppose summary judgment).

4   **C.     The Ex Parte Should Be Denied Because Plaintiff Was Not Diligent**

5   Even if Ms. Bonar satisfied the strict procedural requirements of Rule 56(d) (and she did
6   not), the Ex Parte should still be denied.  "[A] party may only be granted relief under Rule 56(d)
7   if the party has previously been diligent in conducting discovery."  *In re Cardtronics*, 874 F.
8   Supp. 2d at 927 (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir.
9   2006) (affirming denial of former Rule 56(f) request because "plaintiff's prior discovery efforts
10  were not diligent")).  Ms. Bonar was *not* diligent.  St. Denis Decl., ¶ ¶ 2-7.

11  When Plaintiff filed her Complaint on *September 6, 2011*—17 months ago—she knew
12  that Beam did not own the "Skinnygirl Margarita" brand until March 2011.  Doc. No.1, Compl.
13  ¶ 10.  Plaintiff knew or should have known at that time that her claims against Beam were
14  baseless since she obviously knew all of her purchases pre-dated March 2011.  Beam's Answer
15  also denied liability and pled lack of standing, lack of privity, and failure to state a claim as
16  affirmative defenses.  Doc. No. 18.  Plaintiff had ample opportunity to conduct discovery on these
17  issues, but failed to do so.  *See Izaguirre v. Greenwood Motor Lines, Inc.*, 2011 WL 5325658, at
18  *7 (D. Idaho Nov. 3, 2011) ("[P]laintiff was on notice of defendant's affirmative defense.  There
19  was sufficient time for plaintiff to have conducted discovery on this issue . . . .").

20  Since *October 2011*, when Plaintiff joined in the unsuccessful attempt to transfer this case
21  to an MDL, Plaintiff knew that the entities and individuals from whom Beam bought the
22  "Skinnygirl Margarita" brand were defendants in other "Skinnygirl Margarita" class actions.
23  Doc. Nos. 4-17.[5]  If Plaintiff needed discovery from those sellers, as she now claims, she had
24  ample opportunity to pursue it.  Indeed, in July 2012, Beam invited Ms. Bonar's counsel to attend
25  Bethenny Frankel's deposition (Ms. Frankel is a party to the APA), which was being taken in
26  ///

27

28  [5]  Beam's March 2011 acquisition also received extensive press coverage.

- 7 -
DEFENDANT BEAM'S OPPOSITION TO PLAINTIFF RENATA BONAR'S *EX PARTE* APPLICATION
11-CV-02058 CAB (KSC)

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

*Rapczynski v. Skinnygirl Cocktails, LLC, et al*, Case No. 1:11-CV-06546-JPO (S.D.N.Y.) St. Denis Decl., ¶ 6. Plaintiff declined to attend. *Id*.

It is indisputable that by *October 10, 2012*, when Beam deposed Ms. Bonar, Plaintiff and her counsel knew that Beam did not manufacture, market or sell the "Skinnygirl Margarita" Plaintiff claims to have purchased. Nevertheless, she delayed until late December 2012 before serving the discovery she now claims is necessary.

Plaintiff also had an adequate opportunity to depose Beam's witness regarding the March 2011 acquisition, discovery she also now claims she needs. Doc. No. 58, p. 5 of 7. As early as May 2012, Beam, in its Initial Disclosures, identified Steve Fechheimer as a witness knowledgeable about Beam's purchase of the "Skinnygirl Margarita" trademark and related assets. St. Denis Decl., ¶ 5. Plaintiff, however, waited until December 31, 2012—more than two months after Ms. Bonar's deposition—to notice a 30(b)(6) deposition on the acquisition. Beam promptly agreed to produce a witness for deposition on January 31, 2013, but at the last minute, Plaintiff cancelled it, claiming she couldn't depose Beam's witness without all of the "necessary documents," but has not explained what those documents are. Doc. No. 58; St. Denis Decl., ¶ 7.

In sum, Plaintiff had ample opportunity to pursue the discovery she now claims she needs. Because she was not diligent in doing so, her request for more time should be denied. *See Stitt v. Hutcherson*, 919 F.2d 516, 526-27 (9th Cir. 1990) (denial of Rule 56(f) motion proper when party "had an adequate opportunity to conduct" discovery prior to summary judgment); *see also Family Home & Fin. Ctr., Inc.*, 525 F. 3d at 828 (same); *Meaux v. Northwest Airlines, Inc.*, 2012 WL 3091042, *1 (9th Cir., July 31, 2012) (Rule 56(d) request properly denied because the party did not diligently pursue discovery).

**Conclusion**

Ms. Bonar's Ex Parte request to delay summary judgment is an improper attempt to avoid complying with the requirements of Rule 56(d). Even if the Court were to treat the Ex Parte as a Rule 56(d) motion, it fails to satisfy Rule 56(d)'s strict requirements: it doesn't describe the specific facts sought, that those facts exist, and how those facts would preclude summary

1  judgment.  Plaintiff also did not diligently pursue the discovery she now claims she needs.  For
2  each of these reasons, Plaintiff's request for a continuance should be denied.
3
4  Dated:  February 5, 2013                              CHADBOURNE & PARKE LLP
5
6                                                          s/Susan St. Denis
                                                        Susan St. Denis
7                                             Attorneys for Defendant BEAM GLOBAL
                                                    SPIRITS & WINE LLC
8